Castle View Burial Park, Inc., Appellant, *v.* Bell Telephone Company of Pennsylvania.

Argued April 9, 1951. Before STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Abraham Wernick,* with him *Robert McKinney White,* for appellant.

*Benjamin O. Frick,* with him *Sidney W. Frick,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, May 21, 1951:

Castle View Burial Park, Inc., appellant filed its complaint in the nature of *quo warranto* against The Bell Telephone Company of Pennsylvania to determine by what authority the latter claims "to have, use and enjoy the rights, privileges and franchises which it claims, to-wit: The right of eminent domain to take lands of the plaintiff for its use or to do the acts, matters and things hereinabove complained of, or to exercise the powers, privileges and franchises and rights of eminent domain against the plaintiff and its lands, which power, privileges, rights and franchises the plaintiff says have not been granted to and do not appertain to the said corporation and its officer." This

appeal is from the order of the court below sustaining preliminary objections to the complaint.

The complaint averred, *inter alia,* that Castle View Burial Park, Inc., is a Pennsylvania corporation organized for the purpose of establishing a modern lawn plan burial park; that it is the owner of certain land in Neshannock Township, Lawrence County, Pennsylvania, which land has been dedicated and used since November 14, 1934, as a cemetery and burial ground; that on the above date and for more than 21 years prior thereto the western boundary of said land was the center line of State Highway Route No. 18 which had an established width of 50 feet and that it was paved for 8 feet on each side of the center line thereof; that The Bell Telephone Company of Pennsylvania on November 14, 1934, and for more than 21 years prior thereto owned and maintained along the east side of the highway upon appellant's land a right-of-way for three telephone poles with necessary telephone wires and cables mounted thereon, which poles and equipment are still thus maintained; that in 1935 Castle View beautified its land by planting a line of American elm trees upon its property and without the line of the then existing right-of-way, together with corner posts, piers, gateways and terraces; that in 1946 and 1947 the Commonwealth of Pennsylvania proceeded to widen the aforesaid highway to a width of 60 feet, whereby 5 feet of Castle View's land was taken with the result there was included within the highway a portion of all of the elm trees on its land; that in the widening of the highway the right-of-way of The Bell Telephone Company was taken; that subsequent to said taking the telephone company served upon appellant notice purporting to be in conformity with Section 33 of the Act of 1874, P.L. 73, 15 PS §2292, that under the authority of such statute it would present to the Court of Common Pleas of Lawrence County a petition requesting ap-

proval and leave to file in the office of the prothonotary a bond whereby it proposed to take by eminent domain a new right-of-way over appellant's land for the construction and maintenance of four poles with wires, cables, cross-arms, and underground dips, in order to guarantee the payment of damages for such taking by the right of eminent domain; that the bond was duly presented to the court at which time appellant filed exceptions and objected to the jurisdiction of the court to hear the matter and the authority of the telephone company to take the land in question by eminent domain proceedings; that the court approved the bond and directed that it be filed but withheld appointment of viewers for a period of thirty days from the date of its order.

Complainant further alleged that the aforesaid order was not a final adjudication of jurisdiction nor of the right of the telephone company to exercise eminent domain; that the damage which will result from the exercise of the right of eminent domain would be irreparable; that the Act of 1874, pursuant to which proceedings were had in the Court of Common Pleas of Lawrence County, had been repealed by the Act of 1933, P.L. 364, Section 1202 (the Business Corporation Law);[1] that the land sought to be taken by the telephone company is used and occupied for cemetery purposes and under the Act of 1947, P.L. 424, 15 PS §2297, may not be taken by a telephone company through the exercise of the right of eminent domain; that the telephone company is a public utility subject to the jurisdiction of the Pennsylvania Public Utility Commission and, therefore, that Commission is specifically em-

[1] Section 4 of the Business Corporation Law, as amended, specifically exempts from its provisions corporations subject to the supervision of the Pennsylvania Public Utility Commission. 15 PS §2852-4(3).

powered and authorized to determine the necessity for such new right-of-way and to compel the telephone company to accept a new right-of-way to be provided by the State Highway Department.

The Bell Telephone Company of Pennsylvania, appellee, filed preliminary objections to the complaint averring that the Court of Common Pleas of Philadelphia County lacked jurisdiction to hear the complaint; that the issues raised by the complaint were presented in condemnation proceedings instituted in the Court of Common Pleas of Lawrence County, particularly with regard to the issue of the authority of the telephone company to take the land by eminent domain, which issue was determined adversely to appellant; that the decision of that court, whether final or interlocutory, is *res judicata;* that irrespective of the action of the Lawrence County Court the complaint does not aver a valid cause of action in that paragraph 11 of the complaint shows that the right-of-way is contained within the lines of the State highway and thus wholly within the provisions of the Act of 1874, supra; that the Act of 1947, P. L. 424, supra, (relative to burial grounds) referred to in paragraph 17 of the complaint, does not affect the right of condemnation within the line of a State highway and that the Act of 1945, P.L. 1242, Section 412, 36 PS §670-412, (State Highway Law), referred to in paragraph 18 of the complaint, relates only to an action by the telephone company against the Commonwealth and has no application to the instant case.

Appellant's contentions, summarized, are that (1) the Court of Common Pleas of Lawrence County did not have jurisdiction to determine whether The Bell Telephone Company of Pennsylvania is properly exercising the right of eminent domain and (2) institution of proceedings in Lawrence County to secure approval of the filing of a bond pursuant to the Act of

1874, P.L. 73, Section 41, 15 PS §482, did not vest in the Court of Common Pleas thereof the exclusive right to dispose of the entire controversy, including the power of the telephone company to exercise the right of eminent domain. Appellee asserts *res judicata,* exclusive jurisdiction in the Court of Common Pleas of Lawrence County and the failure of appellant to state a valid cause of action.

Appellant's complaint in the nature of *quo warranto* makes reference to the term and number of the proceedings in Lawrence County and to certain portions of the opinion and order of the court. The full text of the opinion and order is not set forth in or made a part of the complaint. Attached to and made a part of appellee's preliminary objections is the complete opinion and order. These pleadings and annexed exhibits constitute the entire record before the court below.

Sufficiency of a complaint which refers to a separate and distinct proceeding will be determined by a consideration not only of a portion of the latter but of all relevant matters therein set forth. We do not have the entire record in the Lawrence County proceedings before us. However, the opinion and order of Judge BRAHAM does contain what we consider to be findings of fact presumably made on the basis of matters of record before him. This opinion reveals that on September 4, 1946 the highway of the Commonwealth which theretofore had been 50 feet in width was extended to a width of 60 feet, as a result of which 5 feet of appellant's land was taken. A copy of said plan was filed in the Office of the County Commissioners for Lawrence County on February 7, 1947. The State Highway Department during the summer of that year proceeded with the necessary widening. By reason of such extension in width, appellee sought, and was given, permission by the Secretary of the State Highway Department to move its right-of-way closer to

the edge of the newly condemned portion, *but wholly within the land taken by the Commonwealth.* Corroboration of the foregoing appears in paragraphs 6, 7, 9 and 11 of the complaint.

Clearly on the record before us the section of the law applicable to the instant case is Section 33, Clause 1 of the Act of 1874, P.L. 73, 15 PS §2292 and not the Act of 1947, P.L. 424, Section 1, 15 PS §2297. The former relates to the construction of facilities within the lines of public highways; the latter confers upon telegraph and telephone companies the power of eminent domain with respect to private real property "outside the limits of public roads, streets, lanes, alleys or highways", and contains, *inter alia,* the proviso upon which appellant relies relating to "property used as a burying ground". Section 1 of the 1947 Act expressly provides that the powers thereby granted are "in addition to the rights and powers already granted to telegraph and telephone corporations under the laws of this Commonwealth, and without impairment or limitation of any of their present rights and powers". Section 412 of the Act of June 1, 1945, P.L. 1242, 36 PS §670-412, has no application for the decisive reasons given in the opinion of Judge BRAHAM. The complaint on its face shows that appellee is acting wholly within its power and for that reason alone should be dismissed.

Concluding as we do that the complaint fails to state a valid cause of action, it is unnecessary to pass upon the issue raised with regard to the respective jurisdictions of the Courts of Common Pleas of Philadelphia County and of Lawrence County in the instant proceeding.

Order affirmed.