## Bigelow v. Lancaster

*William J. F. Bell,* for plaintiffs.

*Anthony A. Mandio,* for defendants.

SATTERTHWAITE, P. J., March 17, 1970.—Plaintiffs, as executrices of their deceased mother's estate, have brought this action in equity against their brother and his wife (Lancasters), and a lawyer (Conca), seeking, as to the Lancasters, to invalidate an inter vivos transfer in 1961 of a half interest in certain real estate from decedent to her said son and to impress a constructive trust upon the share of the proceeds of the subsequent sale thereof in the Lancasters' hands, on the ground that such 1961 conveyance had been obtained by fraud and in violation of a confidential relationship between mother and son; and further seeking, as to Conca, to recover commissions and counsel fees received by him out of the proceeds of the sale of the real estate, allegedly as the result of an improper representation of decedent notwithstanding a conflict of interests. Defendants' respective preliminary objections to the complaint are before the court for disposition after argument.

Defendant-Lancasters' fourth preliminary objection in the nature of a demurrer on the ground of res judicata must be sustained and the complaint dismissed as to them. Decedent in her lifetime had brought an action in equity in this court against her son in 1962,

seeking to set aside the very same conveyance of real estate on identical grounds, and such action had been terminated by an order, signed by decedent personally, dated March 30, 1964, and filed of record, directing the prothonotary to mark the case "settled, discontinued and ended." This was not a simple discontinuance (which, standing alone, would not preclude a new action if the costs be paid: Pa. R. C. P. 231(a) ); rather, the additional notation that the case was "settled and ended" had the legal effect of res judicata as between the parties (and plaintiffs, as personal representatives, of course stand in decedent's place in this respect): Sustrik v. Jones & Laughlin Steel Corporation, 413 Pa. 324 (1964). See also Baroffio v. McKnight, 76 Pitts. 567 (1928); Commonwealth v. Wolfe, 83 D. & C. 77 (1952). As stated by Justice Eagen in Sustrik, at pages 326-27:

"As between the parties involved, the settlement and discontinuance had the same effect as the entry of a judgment for the defendant in the proceedings. As between the parties to the action, it is conclusive as to the cause of action asserted therein: . . . [citing cases] . . .

"The final determination of the [prior] action precludes the plaintiffs from maintaining this suit, even though other grounds for relief are asserted than those presented in the original action. That action was conclusive, not only as to those matters that actually were litigated, but also of those matters which could have been litigated therein."

We are well aware of Pa. R. C. P. 1030, which stipulates that all affirmative defenses, including res judicata, should be pleaded in a defendant's answer as new matter. We believe, however, that the defense is available in the present case on preliminary objections for two reasons: First, and most important, the fact and identity of the parties and subject matter of

the prior suit have here been specifically pleaded in plaintiffs' complaint; indeed, the same might be regarded as incorporated therein by reference, particular mention having been made thereof by precise term and number of the suit. Compare Pa. R. C. P. 1019(g). Such reference has the effect of requiring consideration of the entire record so referred to, in order to determine the sufficiency of the pleading under attack in the subject proceedings: Castle View Burial Park, Inc. v. Bell Telephone Company of Pennsylvania, 367 Pa. 289 (1951). This principle would accordingly encompass and bring before us in the instant case not only the pleadings and parties therein mentioned, but also the order to mark that 1962 equity action as settled, discontinued and ended, notwithstanding that plaintiffs' complaint herein does not specifically refer to the last mentioned document. Compare Gentile v. Silberman, 79 D. & C. 94 (1952). Secondly, plaintiffs have not objected to the manner in which defendants have raised the res judicata defense: they have not themselves filed preliminary objections to defendants' preliminary objections, and hence they have waived any contention they might otherwise have had relative to defendants' failure to raise this defense solely by way of new matter. Compare Rufo v. The Bastian-Blessing Company, 417 Pa. 107, 114 (1965); Callery v. Blythe Township Municipal Authority, 432 Pa. 307, 311, fn. 2 (1968).

Under these circumstances, res judicata may be declared on preliminary objections in the nature of a demurrer. The precise question was ruled in Kiely v. J. A. Cunningham Equipment, Inc., 387 Pa. 598, 601-02 (1957):

"The only thing that appears to have given the court below any pause was whether the defense of res judicata could be raised by preliminary objections. Ordinarily, it cannot be because the pleadings

do not contain, and cannot properly be made to contain, the facts essential to the requisite comparison between the two suits. But where, as here, the plaintiffs' complaint sets forth in detail, either directly or by reference, the facts and issues pleaded by the prior suit, the question of res judicata may properly be raised by preliminary objections: see Jones v. Costlow, 354 Pa. 245, 249-250, 47 A. 2d 259."

The 1962 equity action having been finally determined by action of decedent in her lifetime with the consequences so announced in the Sustrik case, supra, plaintiffs may not now repudiate their mother's disposition and attempt to relitigate what the law regards as a closed matter. Accordingly, defendant-Lancasters' fourth preliminary objection must be sustained, the instant action dismissed as to them and final judgment entered in their favor.

These considerations do not dispose of the case against defendant-Conca, however. Although he was also a defendant in the 1962 equity action, the only relief asserted against him there was a demand that he turn over to decedent the original of her then last will and testament; no question of real estate commissions or attorney's fees was involved.

Defendant-Conca's present preliminary objections (apart from the one raising the objection of improper joinder of the action against him with the one against Lancasters, which objection has now become moot by the dismissal of the latter action entirely) consist of both a demurrer and a motion for more specific pleading.

While defendant-Conca is incidentally mentioned in the earlier paragraphs of the instant complaint relating to the preparation and execution of the disputed deed from decedent to her son, the only demand for relief against him is for an accounting of money received by him as fees and commissions, and

the only paragraphs of the complaint relative to those subjects (other than paragraph 23rd, alleging a demand for repayment and his refusal) are paragraphs 17th and 18th. The former alleges that Conca appeared at the settlement upon the ultimate 1964 sale of the real estate by decedent and her son to third parties, purporting to be decedent's attorney and to approve the settlement figures for her, and received $1,800 of the proceeds as a sales commission and $2,250 for alleged legal services for decedent dating back to 1961. Paragraph 18 is as follows:

"18. Plaintiffs aver to the best of their knowledge, information and belief that all times prior to the sale of said premises that William Conca, Esquire, was attorney for defendant Charles Lancaster in his capacity as Administrator of the Estate of Anthony Lancaster [decedent's deceased husband, who had died in 1961] and as an individual, and at all times relevant hereto represented interests adverse to decedent's best interests and contrary to her stated intentions and desires, thus, did wrongfully approve and receive the aforesaid monies."

It is manifest from plaintiffs' failure to spell out or elaborate upon the innuendos of the last-quoted paragraph that no sufficient facts have been pleaded upon which any one could make a rational determination as to whether in fact there had been any conflict of interests in Conca's representation of decedent or, if so, whether the situation was such as to require him to forego compensation from decedent. The ambiguous conclusions so alleged are completely uninformative as to the actual situation and surrounding circumstances. Accordingly, we cannot ascertain whether plaintiffs may be able to state a good cause of action against defendant-Conca. We simply hold that they have not yet done so.

## ORDER

And now, March 17, 1970, for the reasons stated in the foregoing opinion, it is hereby ordered as follows:

1. The fourth preliminary objection of defendants-Lancaster to plaintiffs' complaint is hereby sustained, without leave to amend; said complaint is hereby dismissed as to said defendants and judgment is hereby entered in favor of said defendants, Charles E. Lancaster, individually, and Charles E. Lancaster and Marie Lancaster, his wife, and against plaintiffs, Anna May Bigelow and Helen Bianchini, Executrices of the Estate of Kathryn Lancaster, deceased.

2. The first, second and third preliminary objections of defendant-Conca to plaintiffs' complaint are hereby sustained, with leave to plaintiffs to file an amended complaint as to him alone within 20 days from this date.