462 A.2d 274

### GENESIS LEASING COMPANY, INC.

v.

### Philip L. MINCHOFF and Violet Minchoff, Jointly and Individually and t/a Minchoff's Sanitation, Appellants.

Superior Court of Pennsylvania.

Argued Dec. 14, 1982.

Filed July 1, 1983.

---

1. A petition for allowance of an appeal to the Supreme Court was denied on December 28, 1979.

438

William R. Mosolino, Orwigsburg, for appellants.

Frank A. Baker, III, Allentown, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

This is an appeal from an order granting summary judgment in favor of appellee, Genesis Leasing Co., Inc. (Genesis), against appellants, Philip L. Minchoff and Violet Minchoff (Minchoffs), owners of Minchoff's Sanitation.[1] We reverse.

On May 31, 1978 and June 26, 1978, Genesis and the Minchoffs entered into leases whereby the Minchoffs secured the use of two sanitation trucks for their business. The leases on each truck provided that the Minchoffs would make regular monthly payments of $1,053.40 and taxes, and $1,035.00 and taxes. Neither lease specified a lease period, rather they provided that either Genesis or the Minchoffs could terminate the leases upon appropriate written notice. The leases stated that the title to both trucks remained with Genesis, not the Minchoffs. They further provided that the Minchoffs bore all costs of maintenance, repair and insurance. The leases also provided that upon termination, for any reason, that the trucks were to be sold and the proceeds of sale to be added to the Minchoff's reserve on the vehicles. If the reserve exceeded the original cost of the vehicle to Genesis, then the Minchoffs were entitled to a refund of the excess. If there was a deficiency, the Minchoffs had to make up the deficiency.

On September 26, 1980, Genesis filed a complaint in assumpsit alleging that the Minchoffs had ceased making

---

1. The trial court granted summary judgment by order dated September 14, 1981. The Minchoffs filed exceptions on September 24, 1981, and filed notice of appeal to Superior Court on October 14, 1981 from the entry of summary judgment. Genesis praeciped for entry of judgment on October 23, 1981, and the Minchoffs filed a second notice of appeal from the entry of judgment. These circumstances resulted in this appeal receiving two Superior Court docket numbers, which were consolidated for disposition on appeal.

the payments required by the leases. Genesis sought $80,-888.18 in damages plus interest.

The Minchoffs filed an answer admitting that they had executed the leases with Genesis. However, they denied any liability to Genesis. In their answer, they incorporated by reference, a second complaint they had filed against Merkin Body and Hoist Co. (Merkin). This second complaint alleged that the Minchoffs had purchased the sanitation trucks from Merkin, and that the trucks were not merchantable or fit for the particular purpose for which they were purchased. Additional averments in this second complaint asserted that Genesis financed the purchases with two leases. In New Matter, the Minchoffs averred that they had purchased the trucks from Merkin, and again incorporated by reference the second complaint.

In its reply to New Matter, Genesis denied that the Minchoffs purchased the trucks from Merkin, and averred that it had purchased the trucks from Merkin and leased them to the Minchoffs.

On February 6, 1981, Genesis filed a motion for summary judgment, supported by affidavit as to the damages due. The Minchoffs answered the motion expressly raising the Motor Vehicle Sales Finance Act [2] (MVSFA) as a defense. The trial judge, without discussion, found the MVSFA to be inapplicable. By order dated September 14, 1981, the trial judge granted Genesis' motion for summary judgment. This appeal followed.

The scope of our review of an order granting summary judgment pursuant to Pa.R.Civ.P. 1035 has been summarized in *Tom Morello Construction Company, Inc. v. Bridgeport Federal Savings & Loan Association*, 280 Pa. Super. 329, 421 A.2d 747 (1980) as follows:

> Pennsylvania Rule of Civil Procedure 1035 provides that summary judgment is to be entered only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

2. Act of June 28, 1947, P.L. 1110 No. 476, as amended, 69 P.S. § 601 *et seq.*

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."... The moving party has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. In deciding whether this burden has been satisfied, the court must examine the record in the light most favorable to the non-moving party.... The court is not to resolve any genuine issue of material fact; its sole responsibility is to determine whether such an issue exists. Moreover, the court should enter summary judgment only when the case is clear and free from doubt....

*Id.*, 280 Pa.Superior at 334, 421 A.2d at 749–750 (citations omitted).

Genesis argues that it is entitled to judgment as a matter of law for two reasons. First it asserts that the Minchoffs failed to raise the MVSFA as a defense in its answer. Second, it argues that the MVSFA applies only to consumers, i.e., private individuals who purchase a motor vehicle for use for personal, family, or household purposes. We disagree.

■ The Minchoffs in their New Matter averred that they purchased the two sanitation trucks from Merkin. In further answer, they incorporated by reference pursuant to Pa.R.Civ.P. 1019(g)[3] a second complaint in assumpsit against Merkin as New Matter. The second complaint contained short and concise statements of the material facts underlying the breach of warranty defense they assert against Genesis. Furthermore, the Minchoffs were not required to specifically plead the provisions of the MVSFA. *See Godina v. Oswald*, 206 Pa.Super. 51, 211 A.2d 91 (1965). *See also* 2 Goodrich Amram 2d § 1019(a):9. The averments

---

**3.** Rule 1019(g) states in pertinent part that: "A party may incorporate by reference any matter of record in any State ... court of record whose records are within the county in which the action is pending ...." Both complaints discussed above in the text were filed in Schuylkill County. The incorporation by reference was therefore proper under the rules.

incorporated by reference from the second complaint, if proven, may support the application of the MVSFA.

■ Regarding Genesis' second argument, we find ample indication that the legislature did not limit the scope of the MVSFA to individuals who purchase motor vehicles for personal, family or household use.

When interpreting a statute, the court must ascertain and effectuate the intent of the legislature. 1 Pa.C.S.A. § 1921(a).[4] In determining that intent, every provision of the statute must be given effect. *Id.* When the words of a statute are clear, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. *Id.* § 1921(b).

Genesis argues that the MVSFA was not intended to apply to motor vehicles purchased by business entities for use in their commercial ventures. It relies upon the Declaration of Policy in the Act which uses the word "consumer." 69 P.S. § 602. However, the MVSFA has a definition section. That section does not define the word "consumer," leading us to believe that it is not an integral part of the legislative scheme. The term "installment buyer" or "buyer" is defined therein. The court finds the definitions of these terms to be a clearer indication of whom the provisions of MVSFA were intended to benefit. The MVSFA defines the term "installment buyer" or "buyer" as: "the *person* who buys, hires, or leases a motor vehicle under any installment sales contract ...." *Id.* § 603(3). The word person is defined as including "an individual, partnership, association, business corporation... or any other group of individuals however organized." *Id.* § 603(2). We note additionally that we have not found any indication in the act that its applicability is subject to limitation by the particular purpose for which the motor vehicle is used. It is clear from the broad definition of "installment buyer" and "person" that the MVSFA applies when a business entity pur-

4. Statutory Construction Act of 1972, P.L. 1339, No. 290, § 3.

chases a motor vehicle under an installment sales contract for its business use.

The remaining consideration in determining whether the MVSFA is applicable to the instant case is whether the transaction between the Minchoffs and Genesis constituted a sale of the sanitation trucks or whether the parties intended a mere lease arrangement. The MVSFA was intended to correct abuses in installment sales under "fictional instruments" in the form of bailment leases. *M.M. Waterbor, Inc. v. Livingood*, 179 Pa.Super. 610, 117 A.2d 790 (1955). Should it be determined that the transaction between Genesis and the Minchoffs constituted a mere lease arrangement, then, of course the provisions of the MVSFA, which regulate the installment sale of motor vehicles, are not applicable to this case. *Id.*

In *M.M. Waterbor v. Livingood, supra*, we analyzed this issue in a context similar to that presented instantly. In *Waterbor*, the lessor, a member of the Hertz system of car rental organizations, rented passenger automobiles and trucks to approved applicants. It also bought automobiles to the applicant's specifications and rented them. The lessor purchased an Oldsmobile to the lessee's specifications and rented it to him. Under the lease, the Oldsmobile was rented to the lessee for an indeterminate period of time. The lease also permitted the lessee the option to purchase the Oldsmobile. The lessor brought an action to recover damages under the lease. The lessee defended on the grounds that the lease was unenforceable under the MVSFA. After examining the transaction, this court concluded that the lease was not a fictional instrument used to effect an installment sale of the Oldsmobile.[5] The court stated further that the lease would become an agreement of sale only if the lessee had elected to purchase the Oldsmobile.

In the instant case, neither party filed affidavits or other supporting documents detailing facts that indicate the na-

---

5. *Compare Smith v. Gold et al.*, 4 Pa.D. & C.2d 745 (C.P.Phila.1955) (where the court concluded that the parties intended a sale).

ture of the transaction between them. All that is before us is the bare lease and the Minchoffs' bare allegations that the transaction was a sale. Genesis, as the party moving for summary judgment, has the burden of showing that it is entitled to judgment as a matter of law and that no genuine issues of material fact exist. To do this, Genesis had to submit affidavits or other evidence in support of its motion, in order to dispel, at least preliminarily, the existence of any genuine factual issues. *Carollo v. Forty-Eight Insulation, Inc.*, 252 Pa.Super. 422, 381 A.2d 990 (1977). Absent further factual development of the nature of the transaction, we cannot say that this case is clear and free from doubt, warranting the entry of summary judgment.

Accordingly, we reverse the order of September 14, 1981 from which an appeal was taken at No. 2669 Philadelphia, 1981. The appeal at No. 2997 Philadelphia, 1981 is dismissed as being moot.

POPOVICH, J., concurs in the result.