490 A.2d 882

**Christos LAMBAKIS, Appellant,**

v.

**Nicholas L. EXAR.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1985.

Filed March 22, 1985.

484

C. Walter Whitmoyer, Jr., Lebanon, for appellant.

James T. Reilly, Lebanon, for appellee.

Before POPOVICH, WATKINS and LIPEZ, JJ.

POPOVICH, Judge:

This is an appeal from an order granting a petition to open judgment. We affirm.

The appellant (Christos Lambakis) and appellee (Nicholas L. Exar) entered into an agreement dated November 1, 1982, whereby the appellant sold to the appellee, for $18,-000, an ongoing business ("Athens Pizza"). In securement of the purchase, the appellee executed a promissory note of even date in favor of the appellant in the amount of $3,000. Also, one of the conditions of the sale was the appellant's agreement to refrain, for a period of three years, from "competing with the business being sold".

On March 14, 1983, the appellant filed a complaint alleging that the appellee had defaulted in the payment of the

installment due on March 1, 1983, and, as a result, he was exercising his option to "demand that all remaining installments become immediately due and payable." As a consequence, pursuant to the authority contained in the warrant of attorney, the appellant's counsel appeared for the appellee and confessed judgment in favor of his client and against the appellee in the amount of $2,625. Additionally, on the date stated, the appellant filed a praecipe for writ of execution with the prothonotary of Lebanon County to levy upon and sell the personalty situated in the business establishment.

In response, counsel for the appellee filed, on March 24, 1983, a petition to open judgment wherein he alleged that, *inter alia*, no money was due the appellant on the promissory note because he (appellant) had violated the agreement of sale "by entering into another business in competition with the [appellee]". In the remaining portion of the petition, the appellee raised new matter and a two-count counterclaim.

The reaction of counsel for the appellant was to file preliminary objections in the form of a motion to strike the petition/pleading of the appellee seeking, in part, liquidated damages. His belief was that the procedure followed and the relief sought were not contemplated by the Rules of Civil Procedure (e.g., 2959 & 2960). However, albeit mention of the appellee's claim for violation of the non-competition clause was made, the appellant neither denied nor admitted the appellee's assertion of contractual breach.

In a memorandum of law in opposition to the preliminary objections, the appellee wrote that "[t]he counts set forth in the Counterclaim", which requested affirmative relief, "[we]re not relied upon by [him] in the Request to Open the Confessed Judgment." Rather, the petition to open rested upon the contention that the appellant contravened the non-competition portion of the agreement to sell "and thus there [was] a failure of consideration relieving [the appellee] of [his] obligation to pay [the appellant] under the note, and thus th[e appellee was] not in default."

On praecipe by counsel for the appellant, the entire record was certified to the court below for disposition of the preliminary objections.

By order and opinion dated August 1, 1983, the court below opened the judgment entered against the appellee. In doing so, it wrote in its order:

> The [appellant] is afforded twenty (20) days from the date of th[e] Order to plead to the Counterclaim included within the [appellee's] Petition to Open Judgment.

> The issues to be presented at trial shall include the claims raised in the [appellant's] Complaint in Confession of Judgment and the defenses presented by the [appellee] thereto in his Petition to Open Judgment; and the claims raised by the [appellee] in his Counterclaim included within his Petition to Open Judgment and the defenses presented thereto in the [appellant's] Answer, if any, as provided herein.

Further, in the Opinion prepared by the court below, we have insight as to the manner in which the appellant's complaints were to be appeased:

> The issues in the instant case are framed by the complaint in confession of judgment and the [appellee's] petition to open that judgment. We are not unmindful, however, that since the matter is now before us on the [appellant's] preliminary objections to the [appellee's] petition to open judgment, the [appellant] has not been given an opportunity to respond to the counterclaim which was attached to that petition to open judgment. Having determined it appropriate to open the judgment, we will afford the [appellant] the opportunity to answer the counterclaim in the anticipation that the matter can then proceed to resolution.

Thereafter, this appeal ensued.

Instantly, the appellant argues that the court below erred in opening the judgment before he "had an opportunity to prepare and file an Answer to the Petition to Open Judg-

488

ment and before the procedure required by Pa.R.C.P. No. 209 [1] could be followed."

■■■ We begin our discussion with reference to the factors which the courts of this Commonwealth have looked to, traditionally, in evaluating a ruling on a petition to open a confessed judgment. To-wit, 1.) the petition must have been promptly filed; and 2.) a meritorious defense must have been averred. *Foerst v. Rotkis,* 244 Pa.Super. 447, 368 A.2d 805 (1976). Once a ruling either opening or refusing to open a confessed judgment is appealed, we, as an appellate court, will refrain from reversing a trial court's decision unless it is shown that the court committed an error of law or manifestly abused its discretion. *Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653 (1967).

It will be recalled that the appellant's confessed judgment was followed by a petition to open by the appellee, which averred a contractual breach by the appellant relieving the appellee of any obligation (money) owed the appellant. Moreover, the petition included new matter and a counterclaim.

Our review of the new matter discloses that it merely repeats the appellee's contention in the petition to open regarding the non-competitive clause. However, the counterclaim section sets forth two counts, one in assumpsit and equity seeking $7,000 for breach of the non-competition

1.  **Rule 209. Duty of Petitioner to Proceed After Answer Filed**
    If, after the filing and service of the answer, the moving party does not within fifteen days:
    (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact;
    (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

clause as provided for in the agreement of sale. The second relates to statements purportedly made by the appellant and his father "to go[ing] into business in competition with [the appellee] and if he made any objection, they would make trouble for him." In the same count, the appellee averred that the parties just referred to "informed" him that interference with their intention of going into competitive business would be met by the appellee's employees' filing, at their insistence, sexual harassment charges. Accordingly, the appellee sought compensatory and punitive damages against the appellant only in excess of $10,000.

The appellant, instead of filing a formal answer denying the averments in the petition to open, submitted preliminary objections in the nature of a motion to strike for the appellee's inclusion of new matter and a counterclaim in his petition in asserted violation of the Rules of Civil Procedure; in particular, Rules 2959 and 2960.[2] Thereafter, the

2. **Rule 2959. Striking Off or Opening Judgment; Pleadings; Procedure**

(a) Relief from a judgment by confession shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to him to enforce the judgment.

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.

(c) A party waives all defenses and objections which he does not include in his petition or answer.

(d) The petition and the rule to show cause shall be served as provided in Rule 233, and the answer as provided in Rule 1027.

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

appellant filed a praecipe with the prothonotary of Lebanon County asking:

> Please certify the entire record to the Court for disposition of Preliminary Objections under Lebanon County Rule 25.

A hearing resulted in the entry of an order and opinion, portions of which have been reproduced *supra,* in which the court below granted the petition to open.

We note at the outset that the petition to open would appear to have been timely filed and the proposed allegation therein would indicate a defense to the claim, i.e., breach of the non-competition portion of the contract by the appellant. *Teodori v. Werner,* 490 Pa. 58, 415 A.2d 31 (1980). In addition, we conclude that the joinder of new matter and a counterclaim in the appellee's petition to open is not procedurally defective. As much was stated by this Court in *J.M. Korn & Son, Inc. v. Fleet-Air Corp.,* 300 Pa.Super. 458, 462–463, 446 A.2d 945, 947 (1982):

> ... there is no rule, substantive or procedural, which prevents the adjudication of the counterclaims asserted by appellee in its petition to open. Rather, the rules pertaining to assumpsit actions are applicable. *See Sanctis v. Lagerbusch,* 213 Pa.Super. 483, 488, 249 A.2d 919, 922 (1968). The applicable assumpsit rule, found in Pa.R. C.P. 1031(a), permits a defendant to plead as a counterclaim "any cause of action or setoff which he has against the plaintiff at the time of filing the answer ... or which arises from contract or is quasi-contractual."

The trial court was correct, therefore, when it defined the issues to be decided at trial to include "claims, defens-

**Rule 2960. Proceedings upon Opening of Judgment. Pleadings. Jury Trial. Waiver.**

If a judgment is opened in whole or in part the issues to be tried shall be defined by the complaint if a complaint has been filed, and by the petition, answer and the order of the court opening the judgment. There shall be no further pleadings. The right to a jury trial on the opened judgment shall be deemed waived unless a party files and serves a written demand for jury trial within twenty (20) days after the order opening judgment; but if the issue is referred to compulsory arbitration, Rule 1007.1 shall apply.

es or counterclaims" pleaded in appellee's petition to open the judgment. Any other interpretation of the procedural rules would have required two separate trials instead of one in order to adjudicate the respective rights and liabilities of the parties. The record before us discloses no good reason for embarking upon such an absurd misuse of judicial time and resources, not to mention inconvenience to the parties.

Pursuant to the trial court's order, the litigation can now proceed to trial on the issues framed by pleadings which have already been filed. Those pleadings, however, cannot be amended to allege new defenses or counterclaims.

Next, we need to decide if the appellant's preliminary objections, following the filing of which a hearing was sought and granted to the appellant, are in the nature of a petition within the ambit of Rule 209. If so, then the failure on the part of the appellant to contravene the appellee's breach of contract allegation in his petition would render the defense "admitted for the purpose of the [R]ule." *Cf. Teodori v. Werner, supra,* 490 Pa. at 62, 415 A.2d at 33 ("Landlords ... fil[ed] their answer without first even attempting to obtain an appropriate rule on tenant as permitted under Rule 209. By so failing to avail themselves of the benefit of Rule 209, landlords have 'follow[ed] the prior practice,' Goodrich-Amram 2d § 209:2 at p. 126, under which 'the ordering of the action for argument on petition and answer admitted for the purpose of the argument the truth of the answer or petition filed by the adverse party.' Id. § 209:1 at p. 116. See e.g., *Harr v. Bernheimer,* 322 Pa. 412, 185 A. 857 (1936); *Rebic v. Gulf Refining Co.,* 122 Pa.Super. 149, 186 A. 236 (1936). Because landlords '[set] the case down without ruling the petitioner to proceed, [they admit] the averments of the petition.' 2 Standard Pennsylvania Practice Ch. 9 § 46 p. 494 (1956). See *Roach v. Nilson,* 54 D. & C.2d 313 (Chester 1971); *Price v. Jordan,* 76 D. & C. 255 (Fulton 1951).").

■ It is true, as already pointed out, the appellant did not file any formal answer to the appellee's petition to open. Nonetheless, a meritorious defense (with affidavit attached) had been proffered, which, if proven at trial, would entitle the appellee to avoid liability to the extent of his injury. *See Teodori v. Werner, supra; Becker v. Schoettle*, 277 Pa.Super. 129, 419 A.2d 695 (1980). Despite this, the appellant filed no responsive pleading denying .the appellee's contention. Rather, he requested that the dispute be certified to the court for "disposition". We deem such an (in)action to have not only obviated the need for the appellee to proceed to take depositions or move the case for argument, *see Schultz v. Erie Insurance Exchange*, 505 Pa. 90, 477 A.2d 471 (1984), but to constitute a willingness on the part of the appellant to admit in advance the truth of the facts pleaded by the appellee. *Cf. Allegheny Home Improvement Corp. v. Franklin*, 308 Pa.Super. 225, 234, 454 A.2d 103, 107 (1983) ("Appellants correctly maintain that under Rule 209 Appellee's decision to forego depositions is considered an admission of 'the existence of all *facts* properly pleaded in [Appellant's] answer.'" (Citation omitted)); *J.C.S. v. D.M.S.*, 277 Pa.Super. 612, 622, 419 A.2d 1319, 1324 (1980) (" ... *no answer had been filed*, and there was no reason to suppose that the father by requesting calendar priority was indicating his willingness to admit in advance the truth of whatever facts the mother should plead when she did file an answer." (Emphasis added)).

■ Accordingly, since there were no disputed issues of fact, the court below properly heard the matter on the appellant's praecipe. Compare *Urban v. Urban*, 332 Pa.Super. 373, 481 A.2d 662 (1984) (Plaintiff's complaint was followed by defendant's answer, which, in turn, was followed by plaintiff's preliminary objections in the nature of a motion to strike. Defendant's argument that plaintiff's preliminary objections were in the nature of a petition under Rule 209 was not valid since the allegations raised therein were self-sustaining, "and no real dispute concerning the [preliminary objections] exist[ed; thus,] Rule 209

[was] not applicable."), and contrast *Van Arkel & Moss Properties v. Kendor, Inc.,* 276 Pa.Super. 547, 419 A.2d 593 (1980). If we were to find that the appellant's preliminary objections required the appellee to resort to depositions, such a ruling would merely serve to delay resolution of the question while depositions were conducted for the sole purpose of stating anew the facts alleged in the appellee's affidavit attached to his petition to open. Furthermore, while the appellant does state some facts in his preliminary objections, none of these facts disputes the existence of the facts alleged in the appellee's affidavit. Thus, we find that the court below did not abuse its discretion or commit an error of law in opening the judgment. *See generally Bensalem Township v. Terry,* 317 Pa.Super. 380, 464 A.2d 371 (1983).

Order affirmed.

LIPEZ, J., concurs in the result.