507 A.2d 402

**The SAMS CORPORATION, t/d/b/a Bishop Electric Company**

v.

**Nick GARIN and Emma Garin, his wife, Appellants,**

**Pittsburgh National Bank, Garnishee.**

Superior Court of Pennsylvania.

Argued Oct. 29, 1985.

Filed Feb. 12, 1986.

Reargument Denied April 8, 1986.

Louis C. Long, Pittsburgh, for appellants.

Robert L. Campbell, Bridgeville, for appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

PER CURIAM:

This is an appeal from an order of the Court of Common Pleas of Allegheny County denying appellants' petition to strike or open a confessed judgment. Appellee confessed judgment against appellants on May 17, 1984. Appellants' petition, which was filed on June 22, 1984, was denied following depositions and oral argument. This appeal ensued.

A petition to open judgment is only granted in limited circumstances. As an appeal to the equitable powers of the

court, it rests firmly on the sound discretion of the hearing court and will only be disturbed in the case of a manifest abuse of discretion. *First Seneca Bank & Trust Co., v. Laurel Mountain Development Corp.*, 506 Pa. 439, 443, 485 A.2d 1086, 1088 (1984). In seeking to open a confessed judgment, a petitioner must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issue to a jury. *Lambakis v. Exar*, 340 Pa.Super. 483, 490 A.2d 882 (1985); *Bell Federal Savings & Loan Ass'n of Bellevue v. Laura Lanes, Inc.*, 291 Pa.Super. 395, 398, 435 A.2d 1285, 1286 (1981). The moving party has the burden of producing sufficient evidence to substantiate his alleged defenses. *See* Pa.R.C.P. 2959(e).

■ Appellee, Bishop Electric Company, performed electrical work for appellants' business, Pennsylvania Motor Speedway. The resulting alleged indebtedness, $47,000, was secured by a mortgage and a mortgage note. When payment was not forthcoming, appellee confessed judgment against appellants upon the mortgage note; it had already instituted a mortgage foreclosure action. On June 19, 1984, a writ of execution was issued on the confessed judgment and a checking account maintained by Pennsylvania Motor Speedway was garnished on the following day.

Appellants' petition to strike off or open the judgment and to stay execution averred, among other claims, that appellee was collaterally estopped from proceeding on the confession of judgment in light of its foreclosure action on the mortgage and that the confession of judgment had merged into the complaint of mortgage foreclosure. The lower court refused to open the confessed judgment, holding that appellants had failed to set forth facts supporting a meritorious defense.

In denying appellants' petition to open the confessed judgment, the lower court observed that the petition merely contained allegations of collateral estoppel and merger of the confession of judgment on the mortgage note and the complaint on mortgage foreclosure. Appellants, although

they now argue that they intended to incorporate their defenses to the mortgage foreclosure action, failed to allege with any specificity any facts supporting a meritorious defense.

The court below further held that appellants' averments of collateral estoppel and merger were inapplicable since the mortgage foreclosure proceeding was an action in rem as opposed to the mortgage note action, which was an action in personam. In reaching this decision, the court relied upon *Bank of Pennsylvania v. G/N Enterprises, Inc.*, 316 Pa.Super. 367, 463 A.2d 4 (1983), wherein we noted that the holder of a bond and mortgage can proceed in rem or in personam to enforce his claim. Since these two proceedings are separate and distinct and not mutually exclusive, appellants' averments that appellees were collaterally estopped from pursuing their action on the mortgage note in light of the mortgage foreclosure action were rejected by the trial court.

■ Appellants argue that they averred a meritorious defense in their petition to open by incorporating by reference the defense and counterclaims raised in the related mortgage foreclosure litigation. They contend that the trial court failed to consider the deposition testimony and the pleadings in the mortgage foreclosure action and consequently erred.

Pa.R.C.P. 2959(e) contemplates that the court must consider any testimony, depositions, admissions and other evidence in ruling upon a petition to open. Appellants assert that, considering the depositions and appellants' answer and counterclaim in the mortgage foreclosure proceeding, sufficient evidence was produced which in a jury trial would require the issues to be submitted to a jury. Appellants thus conclude that the lower court's singular focus on the allegations of the petition to open constituted an abuse of discretion.

Pa.R.C.P. 1019(g) provides in pertinent part that "[a] party may incorporate by reference any matter of record in

any State ... court of record whose records are within the county in which the action is pending...." This rule clearly permits a party to incorporate by reference pleadings duly filed pursuant to another cause of action. Averments incorporated by reference from other pleadings have been held sufficient to support defenses raised in related proceedings. *See Genesis Leasing Co., Inc. v. Minchoff,* 315 Pa.Super. 437, 462 A.2d 274 (1983). While it is true that Pa.R.C.P. 1019 permits incorporation by reference of certain matters of record, and concededly the rules of civil procedure are to be liberally construed, *see* Pa.R.C.P. 126, it is unclear from appellants' petition to open that they intended to accomplish this goal. In their petition, appellants merely stated:

> 3. At GD 83–21249 the [appellee] had filed an action in mortgage foreclosure against [appellant].

> 4. [Appellant] has defended this action in mortgage foreclosure, with an Answer, Counterclaim and New Matter.

Nowhere did they explicitly or impliedly incorporate those pleadings into this action in order to rely on their defenses therein. Summary reference to another action is simply inadequate to satisfy the intention of Rule 1019(g), which requires minimal effort to trigger its operation.[1] We agree with the trial court that appellants, in their petition to open, evinced no intent to supplement their pleadings with those filed in the mortgage foreclosure action. It is clear from the face of the petition that, standing alone, the petition to open fails to allege a meritorious defense. We can only conclude that appellants themselves recognize that fact by advancing this incorporation argument. Moreover, mere reference to the mortgage foreclosure action in the deposi-

---

**1.** Appellants rely upon *Castle View Burial Park, Inc. v. Bell Telephone Co. of Pa.,* 367 Pa. 289, 80 A.2d 699 (1951), that reference in a complaint to a separate and distinct proceeding is sufficient to incorporate all pleadings relevant thereto. However, therein, the intent of appellant to incorporate pleadings by reference was clear from the face of the complaint and by the fact that he appended particular portions of the record to be made a part of the complaint before the court. Such was not the case herein.

tion of Nick Garin similarly does not serve to incorporate the pleadings into this action.

Finally, our reading of appellant's petition to open leads us to believe that the references to the related action in this case were actually made to support their collateral estoppel and merger arguments, which have been properly addressed by the trial court and abandoned on this appeal. Finding no manifest abuse of discretion, we will not disturb the decision of the lower court.

Order affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

I respectfully dissent.

The Sams Corporation, t/d/b/a Bishop Electric Company, confessed judgment against the Appellants, Nick and Emma Garin in May, 1984. Bishop Electric had performed electrical work for the Appellants' business; payment was secured by a mortgage and a mortgage note. When the Appellant failed to pay, Bishop Electric took two actions: first, it instituted a foreclosure action on the mortgage and then proceeded to confess judgment on the mortgage note.

The Garins filed a Petition to Open and/or Strike the confessed judgment. The trial court issued a Rule on the Appellee, who then filed a timely answer. The Appellant's Petition in paragraphs three and four states as follows:

3. At GD83–21249 the plaintiff had filed an action in mortgage foreclosure against the defendant.

4. Defendant has defended this action in mortgage foreclosure, with an Answer, Counterclaim and New Matter.

The Appellee admits both paragraphs in its answer to the Petition. Deposition testimony was also taken in which the Appellant Nick Garin testified that he had a defense to the foreclosure action.

While I agree with the Majority that the Appellants' Petition fails to set forth the specific facts of their defense, I would find that the Appellants have introduced their defense into the record by referring to the foreclosure action docket number. The trial court found that the Appellants had raised a defense sufficient to issue a Rule, but did not examine the record at GD83–21249 to determine the merit of that defense. I would vacate the trial court Order and remand the case to the trial court to consider the defense raised by the Appellants in the record of the foreclosure action. After so doing, the trial court may properly decide whether the Appellants' defense has merit sufficient to grant their Petition to Open.