529 A.2d 530

### Jay L. FEDERMAN, M.D.

v.

### Jeffrey POZSONYI, Appellant.

### Jay L. FEDERMAN, M.D.

v.

### Jeffrey POZSONYI and Joseph M. Krause.

### Appeal of Joseph M. KRAUSE.

Superior Court of Pennsylvania.

Argued June 25, 1987.

Filed Aug. 7, 1987.

---

\* Because of our disposition of this case, we need not reach the other issues raised by the parties.

Julia B. Passyn, Philadelphia, for appellants.

Philip Colicchio, Philadelphia, for appellee.

Before CIRILLO, President Judge, and MCEWEN and TAMILIA, JJ.

TAMILIA, Judge:

These are consolidated appeals from the April 13, 1987 Order of the lower court which denied appellant Jeffrey Pozsonyi's petition to open and/or strike judgment by confession and also from the May 5, 1987 Order of the court below which denied Pozsonyi's request for a stay of the April 13th Order pending appeal.

On January 1, 1983, appellee/lessor and Pozsonyi entered into a twenty-year residential lease for the rental of an apartment at 2000 Delancey Place, Philadelphia, Pennsylvania. The lease specifically prohibited assignments or subleasing without the written consent of the lessor.

On August 26, 1986, appellee filed a Complaint in Confession of Judgment for Possession of Real Property and Ejectment alleging Pozsonyi had violated and breached the terms of the lease agreement by:

(1) failing to timely remit payment of rental fees on Apartment 3W of 2000 Delancey Place, Philadelphia, PA

as required by paragraph (a) of 'Affirmative Covenants' on page one (1) of the Lease;

(2) unlawfully assigning the lease agreement to Joseph M. Krause without the written consent of the plaintiff as required by paragraph (b) of 'Negative Covenants' on page one (1) of the Lease.

(Record at 4.)

Appellee bases his right to a Confession of Judgment on page 3, paragraph 17, of the lease which provides:

When this lease shall be determined by condition broken, ... it shall be lawful for any attorney as attorney for Lessee to file an agreement for entering in any competent Court an amicable action and judgment in ejectment against Lessee and all persons claiming under Lessee for the possession of the herein demised premises, for which this lease shall be sufficient warrant, whereupon, if Lessor so desires, a writ of execution or of Possession may issue forthwith, without any prior writ or proceedings whatsoever....

(Record, Exhibit D–2.)

On August 29, 1986, appellant Pozsonyi filed a petition to strike and/or open the confessed judgment. By Order dated April 13, 1987, the lower court denied the petition. As defenses to the action, appellant argued: (1) confession of judgment is not available for possession of residential real property, (2) the pleadings filed with the Prothonotary in Confession of Judgment are improper and (3) all rental payments have been made. The lower court responded to these allegations as follows:

Defendant cites no authority and we have found none to support the allegation that Confession of Judgment for possession of residential property is unlawful. Section 250.511 of the Pennsylvania Landlord and Tenant Act, 68 Pa. S.A. § 250.101 *et seq.* provides as follows:

Nothing contained in this article shall be construed as abolishing the right of any landlord to recover possession of any real property from a tenant by action of ejectment, or from instituting amicable action of eject-

ment to recover possession of any real property by confessing judgment in accordance with the terms of any written contract or agreement.

It is clear, therefore, that the Action for Confession of Judgment is proper. Furthermore, a careful review of plaintiff's filings with the Prothonotary indicates that they are complete, valid and lawful. Lastly, defendant's allegations that rental payments were made, while correct, are irrelevant since such payments were made by Joseph Krause, the tenant occupying the premises in violation of the lease.

(Slip Op., Lehrer, J., 4/13/87, pp. 2–3.)

On May 5, 1987, the lower court also denied appellant Pozsonyi's request for a stay pending appeal. Appellant Joseph Krause now appeals from that Order and appellant Pozsonyi appeals from the April 13, 1987 Order denying his petition to open.

Appellant Pozsonyi contends the lower court erred in refusing to open the confessed judgment because:

(1) confession of judgment is not an available remedy to landlords seeking to evict persons from their homes;

(2) the lease herein was not a confession of judgment instrument;

(3) notice required under the lease was not given;

(4) issues remain which should have been presented to the jury;

(5) appellee/lessor did not fulfill his obligation to act in good faith;

(6) appellee/lessor had no standing; and

(7) appellee/lessor did not show he has conformed to the Philadelphia Code.

Preliminarily, we find appellant has waived the issues concerning appellee's lack of "good faith", standing and compliance with the Philadelphia Code as they were not preserved below. Appellant has also failed to preserve his contention that confession of judgment was improperly entered as issues remain which should have been presented

to the jury. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302; *Trident Corporation v. Reliance Insurance Company*, 350 Pa.Super. 142, 504 A.2d 285 (1986).

■ As to appellant's remaining arguments, our scope of review is quite narrow. Appellate review of a trial court's grant or denial of a petition to open a confessed judgment is limited to determining whether the court committed an error of law or manifestly abused its discretion. *Lambakis v. Exar*, 340 Pa.Super. 483, 490 A.2d 882 (1985). "In seeking to open a confessed judgment, a petitioner must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issue to a jury." *Sams Corporation v. Garin*, 352 Pa.Super. 105, 107, 507 A.2d 402, 403 (1986). Furthermore, "[i]n determining the existence or non-existence of a meritorious defense, a court must view the evidence presented in the light most favorable to the moving party, accepting as true all evidence and reasonable and proper inferences flowing therefrom." *Hamilton Bank v. Rulnick*, 327 Pa.Super. 133, 138, 475 A.2d 134, 137 (1984). We now review appellant's contentions with these principles in mind.

■ Appellant acted promptly in filing his petition to open the confessed judgment, however, we find his defenses to the judgment are lacking in merit. Appellant claims that confession of judgment is not available to residential landlords seeking to evict their tenants. He bases his conclusion on the companion United States Supreme Court cases of *D.H. Overmeyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) and *Swarb v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). Contrary to appellant's assertions, both *Overmeyer* and *Swarb* uphold the constitutionality of cognovit provisions where there has been a voluntary, knowing and intelligent waiver of the party's due process rights. A review of the record in the instant action convinces us that appellant knowingly, voluntarily and intelligently waived his due process rights and agreed to the confession of judgment provision. Appellant

negotiated the drafting of the lease through his attorney, and the lease itself reflects the various deletions and additions made pursuant to such negotiations.

■ Appellant also argues the lease was not a confession of judgment instrument as the paragraph upon which appellee relies does not contain the words "Confession of Judgment" or to "Confess Judgment". Despite the fact the words "Confession of Judgment" do not specifically appear in the lease, it is clear that paragraph 17 of the lease, above, authorizes an amicable action in ejectment to be instituted by confession of judgment. In fact, during the lease negotiations, appellant's attorney, in a letter to appellee's attorney, requested that:

9) The confession of judgment in paragraph 16 (16 and 17 in my form) should be deleted.

(Record, Exhibit B–2.)

Appellee only agreed to deletion of paragraph 16 and left paragraph 17 in its original form. Appellant now attempts to argue paragraph 17 does not authorize confession of judgment when in fact it was so characterized by his own attorney. Therefore, we find confession of judgment was authorized by the lease instrument.

Appellant next asserts appellee failed to give him proper notice of the ejectment as the lease provides for ten (10) days notice by certified mail to lessee before the lessor may exercise any remedy for breach. Paragraph 36, "Addendum 'A' ", of the lease provides:

36. Before exercising any remedies contained herein because of a *non-monetary* breach by Lessee, Lessor shall give Lessee ten (10) days written notice of such breach and Lessor's intent to exercise any such remedies. (Emphasis added.)

Further, paragraph 26 of the lease provides that all notices required to be given by Lessor or Lessee shall be by certified mail, return receipt requested.

■ In appellee's complaint in Confession of Judgment, both monetary and non-monetary breaches of the lease

were alleged. Since either breach (non-payment of rent or unauthorized assignment) is sufficient to terminate the lease agreement, proper notice of one or both breaches is sufficient. Paragraph 36 of the lease does not address breaches occurring because of non-payment of rent, however, paragraph 19 provides in pertinent part:

If proceedings shall be commenced by Lessor to recover possession under the Acts of Assembly, either at the end of the term or sooner termination of this lease, *or for nonpayment of rent* or any other reason Lessee specifically waives the right to the three month's notice and/or the fifteen or thirty days' notice required by the Act of April 6, 1951, P.L. 69, *and agrees that five days' notice shall be sufficient* in either or any other case. (Emphasis added.)

On February 28, 1986, appellee's business agent sent a letter to appellant reiterating the unacceptability of his late rent payments and stating that he was to be put on notice that should he be late one more time, appellee would pursue a legal course of action appropriate to the breach of the lease (Record, Exhibit E–2).

On June 4, 1986, appellee's business agent forwarded a letter to appellant advising him that he was in default for non-payment of rent and expected to vacate his apartment within thirty (30) days as his lease was terminated as of July 4, 1986. This letter was forwarded to appellant by both certified and regular mail. The certified letter was never signed by appellant and was returned. A copy of the notice and letter were also forwarded to appellant's attorney by regular mail.

On July 15, 1986, appellee's attorney forwarded a letter to appellant's attorney confirming the termination of appellant's lease as appellant's attorney had instructed, by letter dated June 30, 1986, that all notices regarding appellant be sent to her office.

■ We find that appellee has complied with the notice requirements of the lease providing for five days notice in regard to non-payment of rent. An attempt to make service

of the notice by certified mail was made, however, Pozsonyi's signature could not be obtained. The notices sent by regular mail to both Pozsonyi and his attorney were never returned and thus we must assume they were received. Appellant had been on notice for many months that he was in default for failure to pay his rent and in danger of having legal action brought against him. Appellant's claims that he had no notice simply do not ring true.

Appellant Krause has raised the identical issues to those raised by appellant Pozsonyi and we reach the same conclusions with respect to his arguments. Accordingly, both the April 13, 1987 Order denying appellant Pozsonyi's petition to open and/or strike the confessed judgment and the May 5, 1987 Order denying a request for a stay pending appeal are affirmed.

Orders affirmed.