421 A.2d 462

**William B. GETZIK and Ethel Getzik, his wife, in her own right**

v.

**Raymond D. SPIEGEL, David Gibilovitz and Richard Spiegel, Appellants.**

Superior Court of Pennsylvania.

Submitted June 11, 1980.

Filed Sept. 26, 1980.

176

S. David Fineman, Philadelphia, for appellants.

Louis M. Paul, Philadelphia, for appellees.

Before BROSKY, WATKINS and CIRILLO *, JJ.

CIRILLO, Judge:

This case arose out of a trespass action brought by the appellees on January 11, 1979. Appellee–plaintiff, William Getzik, alleged that he fell on ice and fractured his wrist while walking on appellants' property. On February 21, 1979, appellants' attorney entered his appearance and filed a Rule on appellees' attorney to file a complaint within twenty days or suffer a judgment of non pros. A letter was then mailed to counsel for appellees advising him that he would be given ten additional days to file a complaint. A complaint was not filed, and on March 27, 1979, a judgment of non pros was entered. The appellees then filed a Petition to Open Judgment in Philadelphia Common Pleas Court on April 23, 1979. The Petition was granted on June 18, 1979, and it is from that Order that this appeal is taken.

The appellants contend that the trial court erred in opening a judgment of non pros where no depositions were taken and where there were contested issues of fact.

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

This court has held that, pursuant to Pa.R.C.P. 209, when a respondent effectively denies material allegations in a petition to open, the petitioner must either take depositions on disputed factual issues or order the cause for argument on petition and answer, thereby conceding the existence of all facts properly pled in the answer. *Zinck v. Smashy's Auto Salvage, Inc., & City of Philadelphia*, 250 Pa.Super. 553, 378 A.2d 1287 (1977); *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979).

■ It must be noted that in the absence of a local Philadelphia County rule, the factual averments of a responsive answer may not be taken as true against a petitioner unless the petitioner himself orders the "cause for argument on petition and answer" or, unless the petitioner ignores, for fifteen days, a rule absolute to move for depositions. *Instapak Corp. v. S. Weisbrod Lamp and Shade Co., Inc.*, 248 Pa.Super. 176, 374 A.2d 1376 (1977).

In *Instapak*, supra, this court faced an almost identical situation in the lower court and found the lower court's action to be premature:

> Here, appellee as the moving party did not proceed by rule or by agreement of counsel to take depositions; neither did appellee order the cause for argument on petition and answer; neither did appellant as respondent take a rule on appellee to show cause why it should not either proceed to take depositions or order the cause for argument on petition and answer. Instead, with only the petition and answer, the lower court granted the petition. That decision was premature. The dispositive issue is whether appellee's counsel did or did not have a mistaken belief about the date by which an answer had to be filed, and on that issue the court had before it no evidence, only contradictory pleadings. Such being the case, the court had no proper basis for preferring one party's version to the other party's.

*Id.*, 248 Pa.Super. at 181–182, 374 A.2d at 1379.

■ Here, the dispositive issue is whether the alleged illness and health of appellees' counsel caused him to miss

the notice that he had to file a complaint within a specified time. There was no evidence, only contradictory pleadings, before the lower court on this issue. Therefore, the court's decision was premature, and we hereby remand this case for further proceedings consistent with Pa.R.C.P. 209.

Reversed and remanded.