613 A.2d 6

**John UNGATE and Lori Ungate, His Wife, Appellants,**

**v.**

**Frank PASSALACQUA, Appellee.**

Superior Court of Pennsylvania.

Argued April 30, 1992.

Filed Aug. 7, 1992.

---

Thomas J. Carlyon, Hazleton, for appellants.

Paul Barrett, Scranton, for appellee.

Before CAVANAUGH, CIRILLO and POPOVICH, JJ.

POPOVICH, Judge:

This case involves an appeal from the July 16, 1991, order of the Court of Common Pleas of Carbon County denying the "Petition To Open Judgment Of Non–Pros" by the plaintiffs/appellants, John Ungate and Lori Ungate, his wife. We reverse.

The record reveals that on January 16, 1990, the appellants filed a praecipe for a writ of summons against Frank Passalacqua. The writ was reissued on February 16th and March 15th of 1990, with service ultimately being effectuated by special order of court. See Pa.R.Civ.P. 430. After entry of appearance of counsel for the defendant, a praecipe for rule to file a

complaint was issued and directed the appellants to submit a complaint within twenty days of service of the rule or suffer judgment of non pros.

By letter dated July 25, 1990, counsel for the defendant granted the appellants' counsel "an extension of time" until August 1, 1990, for the preparation of a complaint. On October 23, 1990, the defendant filed a praecipe for judgment of non pros for the appellants' failure to file a complaint. Judgment was entered in favor of the defendant on the same day.

A petition to open judgment was filed on February 11, 1991, wherein it was alleged that "numerous extensions" had been granted by counsel for the defendant to file a complaint. It was not until January 25, 1991, however, that counsel for the appellants learned that a judgment of non pros had been entered on October 23rd. Paragraphs 10, 11 & 13.

A rule to show cause why the appellants' petition should not be granted was issued on February 11, 1991, and made returnable *seq reg*. In response, the defendant filed an answer in which he "denied ... giv[ing counsel for the appellants] numerous extensions in which to file a complaint", save for "one written, granting ... an extension of time until August 1, 1990, and one via [the] telephone granting ... an extension of time until August 2, 1990." Paragraph 13.

The court denied the appellants' petition to open because the petition "on its face" was insufficient to warrant such relief. A timely appeal was filed thereafter.

The criteria for opening a judgment of non pros is well-established; to-wit:

(1) the petition should be timely filed; (2) the reason for the default reasonably explained or excused; and (3) that facts constituting grounds for a cause of action be alleged.

*Thorn v. Clearfield Borough,* 420 Pa. 584, 586, 218 A.2d 298, 299 (1966). Judicial discretion opening a judgment of non pros will be exercised only when the three factors co-exist. *Matyas v. Albert Einstein Medical Center,* 225 Pa.Super. 230,

310 A.2d 301, 302 (1973). In this same vein, it has been stated:

A request to open a judgment of non pros is by way of grace and not of right. Its grant or refusal is peculiarly a matter for the lower court's discretion. An appellate court may not reverse the lower court's ruling unless an abuse of discretion is clearly evident.

*Mazer v. Sargent Electric Co.*, 407 Pa. 169, 171, 180 A.2d 63, 64 (1962) (Citation omitted).

With regard to the first prong of the tripartite test, the defendant admits that the plaintiffs' petition was filed timely. See Appellee's Brief at 4 & 10.

Our review of the record indicates that judgment of non pros was entered on October 23, 1990. The docket sheet indicates that the prothonotary did not mail notice of judgment to the appellants' counsel, as required by Pa.R.Civ.P. 236, until February 11, 1991. The petition to open was filed the same day. Accordingly, we find that the appellants acted timely in filing the petition.

■ The next prong of the test necessitates the presentment of facts constituting grounds for a cause of action in one's petition to open. Unlike the appellee, we are not persuaded that the allegations of the appellants are insufficient to constitute such a cause of action. To explicate, the appellants asserted in their petition to open:

14. ... the Defendant, Frank Passalacqua, on January 18, 1988 while driving his automobile in Kidder township proceeded to operate his vehicle in such a manner that he carelessly, recklessly and negligently struck the plaintiff's, John Ungate, vehicle with great force, inflicting serious and permanent injuries to the Plaintiff.

15. As a further result of the negligence of the Defendant, Frank Passalacqua, the Plaintiff, John Ungate, has suffered and will suffer a severe impairment of his future earning capacity and power.

16. ...

16

17.  The Defendant, Frank Passalacqua, failed to properly operate his vehicle and did negligently operate his automobile in such a manner as to constitute a tortuous act on behalf of Frank Passalacqua, Defendant.

Petition to Open Judgment of Non Pros, Paragraphs 14, 15 & 17.

We find that the elemental aspects of negligence are contained within the appellants' petition to open. See *Fennell v. Nationwide Mutual Fire Ins.*, 412 Pa.Super. 534, 603 A.2d 1064, 1066–67 (1992) (Basic elements of a cause of action founded upon negligence: Duty, breach of duty, causal connection between conduct and injury, and damages).

■ Finally, we need to ascertain whether the appellants "reasonably explained" their failure to file a complaint timely. In resolving this aspect of the three-pronged test, a recitation of the procedural history of the case is essential; namely:

Jan. 16, 1990—Writ of Summons filed by the plaintiffs;

Mar. 15, 1990—Writ of Summons served on the defendants;

June 15, 1990—Praecipe for rule upon the plaintiffs to file complaint: extensions granted to the plaintiffs by the defendant on July 25th (in letter form) until August 1st and (orally) until August 2nd;

Oct. 23, 1990—Judgment of non pros entered;

Feb. 11, 1991—Petition to open filed;

Feb. 26, 1991—Answer to petition to open;

May 13, 1991—Defendant's attorney filed a praecipe that the petition and answer be placed on the next available argument list;

May 22, 1991—Court ordered oral argument and briefs be filed by July 12, 1991;

July 16, 1991—Court denied petition to open because "Petition on its face [wa]s insufficient...."

The chronology of events reveals that once the appellants had filed their petition to open, an answer was filed by the appellee, and, approximately 2½ months later, the appellee moved to have the case placed on the argument list. Once posted, the case was orally argued and was followed by the

entry of an order denying the appellants' petition to open. Case law discloses that the procedure followed, by both the appellee and the court, was improper.

In *Getzik v. Spiegel,* 280 Pa.Super. 175, 421 A.2d 462 (1980), the lower court granted the plaintiffs' petition to open judgment of non pros.

The plaintiff-husband had fallen on the defendants' property. Counsel for the defendants filed a rule on the plaintiffs' attorney to file a complaint within twenty days or suffer a judgment of non pros. A letter followed in which the defendants' counsel gave the plaintiffs ten additional days to file a complaint. When a complaint was not filed, a judgment of non pros was entered in favor of the defendants. The plaintiffs then filed a petition to open. Once granted, an appeal was taken by the defendants.

This Court, on appeal, reversed and remanded because the lower court had before it material issues of fact:

> In *Instapak [Corp. v. S. Weisbrod Lamp and Shade Co.,* 248 Pa.Super. 176, 374 A.2d 1376 (1977) ], this court faced an almost identical situation in the lower court and found the lower court's action to be premature:

>> Here, appellee as the moving party did not proceed by rule or by agreement of counsel to take depositions; neither did appellee order the cause for argument on petition and answer; neither did appellant as respondent take a rule on appellee to show cause why it should not either proceed to take depositions or order the cause for argument on petition and answer. Instead, with only the petition and answer, the lower court granted the petition. That decision was premature. The dispositive issue is whether appellee's counsel did or did not have a mistaken belief about the date by which an answer had to be filed, and on that issue the court had before it no evidence, only contradictory pleadings. Such being the case, the court had no proper basis for preferring one party's version to the other party's.

> *Id.,* 248 Pa.Superior Ct. at 181, 374 A.2d at 1379.

Here, the dispositive issue is whether the alleged illness and health of appellees' counsel caused him to miss the notice that he had to file a complaint within a specified time. There was no evidence, only contradictory pleadings, before the lower court on this issue. Therefore, the court's decision was premature, and we hereby remand this case for further proceedings consistent with Pa.R.C.P. 209.

280 Pa.Super. at 176, 421 A.2d at 463.

Instantly, as in *Getzik* and *Instapak*, we have disputed (material) issues of fact: Counsel for the plaintiffs alleged that he was granted extensions of time in which to file the complaint, see Petition to Open, Paragraphs 7 & 13; Counsel for the defendants denied having given any extensions other than the July 25, 1990 (written) and August 2, 1990 (oral) ones, neither of which authorized the filing of a complaint beyond August 2d. See Answer to Petition to Open, Paragraphs 7 & 13. This divergence of views warranted the activation of the procedures prescribed by Pa.R.Civ.P. 209. See *Zinck v. Smashy's Auto Salvage Inc.*, 250 Pa.Super. 553, 378 A.2d 1287, 1288 (1977).

Rule 209 provides:

If, after the filing and service of the answer, the moving party does not within fifteen days: (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

To place matters in perspective, under Rule 209 the petitioner (i.e., the party asking that the judgment be opened) has the burden of supporting his allegations of fact by deposition where the reasons assigned in the petition are dehors the record of judgment. *D'Amore v. Erthal*, 421 Pa. 417, 219 A.2d 674, 675 (1966); *Cox v. Felice Perri & Sons*, 412 Pa. 415, 195 A.2d 79, 80 (1963); *Retzback v. Berman Co.*, 222 Pa.Super. 523, 294 A.2d 917 (1972). If, after being ruled to proceed, the petitioner does not take depositions, the factual allegations of his opponent will be taken as true. *Smith v. Dale*, 405 Pa. 293, 175 A.2d 78 (1961); *Instapak*, supra.

Instantly, the procedure dictated by Rule 209 was not followed. For example, in the petition to open, the appellants averred that their complaint was filed timely because they had secured extension(s) from the appellee. This was denied in the appellee's answer. *Thus was framed an issue that should have been resolved by the mechanism available under Rule 209.* See, e.g., *Zinck*, supra. Instead, the appellee filed a praecipe to list the appellants' petition for argument, and, thereafter, the lower court decided the case on the petition and answer alone. This was premature. *D'Amore*, supra; *Zinck*, supra; *Instapak*, supra; *Maurice Goldstein Co. v. Margolin*, 248 Pa.Super. 162, 374 A.2d 1369, 1371 (1977). Moreover, the court had no proper basis for preferring one party's version to the other party's.[1] *White v. Alston*, 231 Pa.Super. 438, 331 A.2d 765 (1974).

---

1. In fact, by failing to avail himself of the benefit of Rule 209, Passalacqua followed the prior practice, under which the ordering of the action for argument on petition and answer admitted for the purpose of the argument the truth of the answer or petition filed by the adverse party. Goodrich–Amram 2d, § 209:2 n. 76 (1991), citing *Harr v. Bernheimer*, 322 Pa. 412, 185 A. 857 (1936); *Rebic v. Gulf Refining Co.*, 122 Pa.Super. 149, 186 A. 236 (1936). Parenthetically, it could be argued that because the appellee " '[set] the case down without ruling the petitioner to proceed, [he admitted] the averments of the petition.' " *Teodori v. Werner*, 490 Pa. 58, 415 A.2d 31, 33 (1980) (Citations omitted); *Lambakis v. Exar*, 340 Pa.Super. 483, 490 A.2d 882, 886 (1985); *Maurice Goldstein Co. v. Margolin*, 248 Pa.Super. 162, 374 A.2d 1369, 1371 (1977). In this sense, the court below acted improperly in denying the petition to open in that the appellee would be viewed as conceding the appellants' extension argument, and, therefore, satisfying the "reasonable excuse" prong of the tripartite test.

Here, when the lower court ruled on the petition, neither party had taken any action under Rule 209: Appellants neither proceeded to take depositions nor did they order the cause for argument on petition and answer. However, appellee had not yet ruled appellants to show cause why they should not take one of these courses of action.

Under Rule 209, it is true, the factual averments of a responsive answer may be taken as true against a petitioner, but that is to happen only upon the occurrence of one of two contingencies: either the petitioner himself ordering "the cause for argument on petition and answer," or respondent ordering the cause down after petitioner has ignored, for fifteen days, a rule absolute made upon him to move for depositions. *There is no provision in the rule for shortcutting its operation by ignoring these contingencies.*

*Instapak,* supra, 248 Pa.Super. at 181, n. 8, 374 A.2d at 1379 n. 8 (Emphasis added). Accord *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577, 580 n. 4 (1979).

Therefore, this is not a case whereby application of Rule 209 allows us to "assume" the correctness of the appellants' or appellee's allegations of fact with regard to extension(s) of time to file the complaint. *Id.* In other words, the lower court interjected itself into the proceedings prematurely, and, thus, impaired the procedures envisioned by Rule 209 from being played out. Until one of the parties did act as provided by Rule 209, or until some other force spurred matters along,[2] the court should not have acted. *Shainline,* supra; *Instapak,* supra; *Maurice Goldstein Co.,* supra.

Interestingly, nowhere in the court's opinion is there any mention of whether the appellants satisfied this portion of the petition to open test. This should be remedied on remand.

2. It has been stated on numerous occasions that the court itself can set a timetable for the taking of depositions and for decision. See, e.g., *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577, 581 n. 5 (1979).

Most recently, our Supreme Court has added to this arsenal, in dealing with dilatory litigants, by allowing a court to dismiss a case which has been inactive on the dockets for at least two years. See *Penn Piping, Inc. v. INA,* 529 Pa. 350, 603 A.2d 1006 (1992).

The order of the lower court is reversed and the case is remanded. Appellants shall have fifteen days, following notice of this decision, to proceed as provided by Rule 209. *Shainline,* supra.

Order reversed and case remanded. Jurisdiction is not retained.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting.

As the majority correctly states, the decision whether to grant a petition to open a judgment of non pros is within the discretion of the trial court and an appellate court will not reverse the decision of the trial court unless there has been a clear abuse of discretion or an error of law. *Triffin v. Thomas,* 316 Pa.Super. 273, 462 A.2d 1346 (1983). I find that the trial court has not abused its discretion in this case. Therefore, I must respectfully dissent.

A judgment of non-pros will only be opened if three criteria are met: 1) the petition is timely filed; 2) the reason for the default is reasonably explained or excused; and 3) the facts constituting grounds for the cause of action are alleged. *Buxbaum v. Pequero,* 335 Pa.Super. 289, 484 A.2d 137 (1984). It is my opinion that the appellants have failed to meet the second criterion; they have failed to satisfactorily explain their failure to file a complaint. In their petition to open judgment of non-pros, appellants assert two reasons why judgment should be opened in order to allow them to prosecute their claim. Appellants first contend that they needed time to compile "all of the relevant medical records and reports needed in order to file the Civil Complaint." I find this claim unreasonable. The law of this Commonwealth does not require that a plaintiff gather all medical reports and records before a complaint is filed. *White v. Alston,* 231 Pa.Super. 438, 331 A.2d 765 (1974). Complaints need only plead the damages sought, not the specific treatment received.

Appellants' second argument is that their attorney was granted several oral extensions of time by appellee's attorney

to file a complaint. The record reveals that appellants were granted one extension of time by letter from appellee's attorney. The letter extended the time to file the complaint to August 1, 1990. Appellant contends that subsequent to that date several additional extensions of time were granted by telephone. Pennsylvania Rule of Civil Procedure 201 dictates that any business of court conducted by attorneys must be memorialized in a writing in order to bind the parties. This rule has been extended to agreements regarding extensions of time. *See Hahnemann Medical College and Hospital v. Hubbard,* 267 Pa.Super. 436, 406 A.2d 1120 (1979). Therefore, any oral extensions of time, which appellants claim were granted by appellee, are invalid because they were not memorialized in writing.

The majority finds that since appellants averred that the complaint was timely filed due to extensions granted by appellee, and the appellee asserted that they did not grant such extensions, an evidentiary hearing should be held in accordance with Rule 209 of the Pennsylvania Rules of Civil Procedure in order to resolve the disputed issues of fact. However, under Rule 201 of the Pennsylvania Rules of Civil Procedure there are no disputed issues of fact. The record reveals only one written extension of time. Therefore, only that one written extension can be considered by the court. The majority states that because the trial court acted prematurely in denying appellants' petition to open without first considering proof of their averments, the case should be remanded to allow appellants to proceed as provided by Rule 209. I disagree. Remand is not required when either the petitioner or respondent lists the case for argument on the basis of the petition and answer alone. *Lazzarotti v. Juliano,* 322 Pa.Super. 129, 469 A.2d 216 (1983). Here, appellee listed the case for argument subsequent to the filing of a petition and answer. The parties had ample opportunity to present argument about the oral extensions of time to the trial court. Therefore, the majority's finding that the trial court erred in failing to order the parties to proceed pursuant to Rule 209 is meritless.

An evidentiary hearing to determine whether any oral extensions were granted would be an exercise in futility; oral extensions are not binding. *See* Pa.R.C.P. 201. Under Rule 201 and the case law of the Commonwealth appellants have failed to establish a valid explanation or excuse for not filing a timely complaint. Thus, I would affirm the trial court's order denying the petition to open the non-pros judgment.