**Jeffrey COHEN, Appellant,**

**v.**

**Robert S. MIRIN, Esq., Leslie D. Jacobson, Esq., and Law Firm of Mirin & Jacobson, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1998.

Filed May 5, 1999.

---

Gerald Richards, Harrisburg, for appellant.

Mark C. Levy, Philadelphia, for appellees.

Before DEL SOLE, STEVENS and ORIE MELVIN, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the order entered on December 5, 1997, by the Court of Common Pleas of Dauphin County denying Appellant's petition to open judgment of *non pros*. We reverse and remand.

¶ 2 In February of 1993, Appellant filed a civil rights suit, which forms the underlying claim to the within action, pursuant to, *inter alia*, 42 U.S.C.A. § 1983, in the Federal District Court, Middle District of Pennsylvania. In that federal claim, Appellant was a co-plaintiff who alleged that the City of Harrisburg, several of its agents, and his ex-wife initiated an illegal investigation which led to a malicious prosecution against both himself, a treating psychologist, and his patient, Richard Pickles, a Harrisburg police officer. The crux of the prosecution of Appellant and Mr. Pickles was that they conspired in a plan whereby Appellant continued to bill Harrisburg's Worker's Compensation insurance agent for psychological counseling services provided to Mr. Pickles when, in fact, Appellant had moved from the Harrisburg area to West Virginia and was no longer treating Mr. Pickles. The ensuing trial resulted in a hung jury, and the City ultimately filed an application for *nolle prosequi* of the charges. Shortly thereafter, Appellant and Mr. Pickles retained Appellees as their legal counsel and commenced the civil rights action in federal court, claiming that the actual motivation behind the investigation and prosecution was the City's desire to retaliate against Mr. Pickles for his previous successful litigations against the City.

¶ 3 The procedural history of Appellant's federal suit is replete with Appellees' failure to timely respond to discovery requests, which led to repeated extensions of discovery deadlines. Even after the Federal District Court warned counsel that sanctions were a possibility should unjustified delays continue, Appellees failed to supply a list of witnesses and a statement of damages with supporting documentation, which forced the Court to remove the case from its original place on the trial list and reschedule trial for a later date. At that point, the City defendants filed a motion for summary judgment, to which Appellees were to respond with a statement of undisputed facts and other evidence in opposition to the motion. On October 14, 1994, after Appellees failed to supply such documentation in a timely manner,[1] summary judgment was entered against Appellant and Mr. Pickles. Appellees filed an appeal from the grant of summary judgment entered against Appellant and Mr. Pickles, but the Court dismissed the appeal on March 30, 1995. It is undisputed that Appellant did not learn of the entry of summary judgment against his federal claim until April or May of 1995.

¶ 4 On February 18, 1997, Appellant, *pro se*, filed the within claim by way of a Praecipe for Writ of Summons against Appellees in the Dauphin County Court of Common Pleas. Appellees filed a Praecipe and Rule to file a Complaint on February 26, 1997, and the court gave Appellant twenty days from the date of service of the Rule to file a complaint.[2] No complaint was filed and on March 20, 1997, pursuant to Pa.R.C.P. 237.4, Appellees notified Appellant that a default judgment would be entered against him if he failed to file a complaint within ten days of the notice. On April 1, 1997, the Dauphin County Prothonotary entered a judgment of *non pros* against Appellant, to which Appellant responded, on April 10, 1997, with a petition to open judgment together with a verified

---

1. Each party alleges that the discovery delays were caused by the other party.

2. See Pa.R.C.P. 1037.

copy of the complaint. In the Complaint, Appellant alleged counts of legal malpractice and breach of contract by Appellees. Appellees opposed Appellant's petition, and on December 5, 1997, after oral argument before it, the lower court denied Appellant's petition to open judgment of *non pros.* This timely appeal followed.

¶ 5 This Court has noted that the criteria for opening a judgment of *non pros* for failure to file a complaint is threefold: (1) the petition should be timely filed; (2) the reason for the default reasonably explained or excused; and (3) that facts constituting grounds for a cause of action be alleged. *Ungate v. Passalacqua,* 418 Pa.Super. 12, 613 A.2d 6 (1992). Moreover, we have stated:

> A request to open a judgment of non pros is by way of grace and not of right. Its grant or refusal is peculiarly a matter for the lower court's discretion. An appellate court may not reverse the lower court's ruling unless an abuse of discretion is clearly evident. and its grant or refusal is peculiarly a matter for the [lower] court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident.

*Dorich v. DiBacco,* 440 Pa.Super. 581, 656 A.2d 522, 524 (1995) (citations omitted).

¶ 6 Appellant argues that, because the petition met the above requirements by satisfying Pa.R.C.P. 237.3, "Relief from Judgment of *Non Pros* or by Default," the trial court abused its discretion in denying Appellant's petition to open judgment. Rule 237.3 provides in pertinent part:

> (b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.[3]

¶ 7 We agree with Appellant that, by virtue of Rule 273.3, his petition, filed within ten days after the entry of judgment of *non pros,* was promptly filed and was presumptively with a reasonable explanation for the delayed filing of the complaint. The lower court's insistence that Appellant express a reasonable explanation was, therefore, in error, and was not proper grounds on which to base its denial of Appellant's petition.

¶ 8 Moreover, the record reveals that Appellant satisfied the third prong of the tripartite test noted above, namely, that his verified complaint state a meritorious cause of action,[4] since his proposed complaint contained sufficient allegations of the elemental aspects of a legal malpractice claim. See Explanatory Comment to Rule 237.3 (Court is to determine from the actual pleading to be filed whether it alleges a meritorious cause of action); *Ungate, supra.* Thus, we conclude that Appellant's petition to open judgment of *non pros* should have been granted.[5]

3. Rule 273.3 does not change the law of opening judgments of *non pros* as stated in caselaw or in Pa.R.C.P. 3051. Rather, Rule 273.3 supplies two of the three requisites for opening judgments of *non pros* by presuming that a petition filed within the required ten-day period is both promptly filed and with reasonable explanation or legitimate excuse for the inactivity or delay. Therefore, if the petitioner attaches to the petition a verified complaint or answer which states a meritorious cause of action or defense, then Rule 237.3 requires that the judgment be opened. Pa.R.C.P. 237.3 note; *Himmelreich v. Hostetter Farm Supply,* 703 A.2d 478 (Pa.Super.1997).

4. While it may be that the lower court will eventually find Appellant's claims to be time-barred, and thus, not meritorious, such determination by the lower court at this time is premature, since the statute of limitations is an affirmative defense to be pled in New Matter. See Pa.R.C.P. 1030.

5. This Court notes that a party can frustrate the requirement of Rule 1037 that a complaint be filed within twenty (20) days after service of the rule. For example, by simply not filing the complaint, allowing, as in the within case, the entry of *non pros,* and then complying with the ten (10) day requirement of Rule 237.3, a party can manipulate the Rules of Civil Procedure to gain time in which to file a complaint, and Rule 237.3 permits such manipulation.

¶ 9 Order reversed and case remanded. Jurisdiction relinquished.[6]

6. Upon consideration of Appellees' motion to suppress Appellant's reproduced record and the Appellant's answer, the Court hereby DENIES the motion.