## EMC Mortgage LLC v. Biddle

---

C.P. of Philadelphia County, September Term, 2011 No.

03840; 2894 EDA 2013

*Irwin Lee Trauss*, for appellant.
*Adam Hart Davis* and *Steven J. Adams*, for appellee.

CEISLER, *J.*, November 5, 2013—

## I. FACTS AND PROCEDURAL HISTORY

Defendant/Appellant Robert Biddle (hereinafter "appellant") appeals this court's August 6, 2013 order, which granted a motion to reassess damages in favor of plaintiff/appellee EMC Mortgage (hereinafter "appellee"). The instant matter was initiated by appellee on September 30, 2011, when it filed a mortgage foreclosure complaint against appellant. After more than a year of conciliation efforts, appellee entered a default judgment via praecipe on February 19, 2013.

Appellee filed a motion to reassess damages (hereinafter "appellee's motion") on June 6, 2013, stating that additional costs and interest had accrued since the entry of judgment, and asking this court to modify the damages amount accordingly. Appellant filed an answer on June 26, 2013, arguing that the mortgage foreclosure judgment was final when entered, and thus, damages were fixed at that point in time. *See* appellant's brief, at 13. Upon consideration of the appellee's motion and the appellant's response thereto, the court granted the motion to reassess damages through an order dated August 6, 2013, and docketed on August 7, 2013, thereby allowing the amendment of appellee's writ of execution to reflect an updated, total damages amount of $78,115.15. Appellant appealed this court's decision to the Superior Court on September 25, 2013. Pursuant to this court's Pa. R.A.P. 1925(b) order, appellant submitted a statement of errors alleging that this court: 1) Granted

a motion to reassess damages "without authority", 2) erred in "failing to dismiss the motion as unverified," 3) erred in resolving the motion "without a trial at least as to damages" where facts were disputed and damages were not determined by the original complaint, and 4) erred in assessing damages by reference to the mortgage after judgment. *See* appellant's 1925(b) statement, 1-7.[1]

## II. DISCUSSION

This court respectfully requests that the instant appeal be denied for the following reasons:

1. This appeal is interlocutory and addresses a matter that is not appealable by right under the Pennsylvania Rules of Civil Procedure. Thus, the instant appeal is procedurally improper.

2. Even if the instant appeal were deemed permissible, it is without merit because it is well-established that, prior to satisfaction, a party has the right to amend the amount of damages in a mortgage foreclosure action.

In general, litigants may only appeal orders which are final in nature. Pa. R.A.P. 341 Final orders include those that dispose of all claims and all parties, are expressly defined as final, or are entered as final by the trial court. Pa. R.A.P. 341(b)-(c). Appeals from interlocutory orders are ordinarily not allowed, with limited exceptions that are appealable as of right. *See* Pa. R.A.P. 311 (interlocutory appeals are allowed regarding orders affecting judgments, attachments, changes of venue, injunctions, new trials,

---

1. Appellant's statement of errors contains six numbered paragraphs; however, paragraphs 1 and 6 function as an introduction and conclusion respectively. This court therefore, discerns only the four assertions of error listed here. The entire statement is attached to this opinion as "appendix A."

partition, or other cases made appealable by statute or rule). Additionally, a party may file an appeal where: 1) the at-issue order is separable from the main cause of action, 2) the right at stake is too important to be denied review, and 3) the claim will be irreparably lost if review is postponed until final judgment. *See* Pa. R.A.P. 313(a)-(b) (discussing appeals of collateral orders). Pennsylvania courts narrowly construe the collateral orders doctrine and require that "every one of its three prongs be clearly present before collateral appellate review is allowed." *Rae v. Pennsylvania Funeral Directors Ass'n*, 977 A.2d 1121, 1126 (Pa. 2009).

Here, this court's August 6, 2013 order was interlocutory, as it did not extinguish all claims or end litigation. As a matter of well-settled Pennsylvania law, a court controls the enforcement of judgment and may grant any relief until judgment is satisfied. *Stephenson v. Butts*, 142 A.2d 319, 321 (Pa. Super. Ct. 1958). This order was not final in nature, as it was issued prior to satisfaction of the judgment. *See Farmers First Bank v. Wagner*, 687 A.2d 390, 392, n. 3 (Pa. Super. Ct. 1997) (satisfaction is the endpoint of a mortgage foreclosure action). While, in rare circumstances, an order disposing of a motion to reassess damages *may* be deemed final in nature, this is the exception to the rule. *Morgan Guar. Trust Co. of New York v. Mowl*, 705 A.2d 923 (Pa. Super. Ct. 1998) Here, the property has yet to be sold at sheriff's sale and the judgment has yet to be satisfied. The instant order, therefore, is but one piece of an ongoing case. It did not resolve the underlying suit, nor did its issuance preclude the appellant from gaining any subsequent relief at the

trial level.[2]

Additionally, the at-issue order is not collateral in nature, in that the nature of appellant's argument does not necessitate immediate appellate review. If Appellant disputes the amount of damages, he may continue to contest it until satisfaction. *See B. C. Y., Inc., Equip. Leasing Associates v. Bukovich*, 390 A.2d 276, 278 (Pa. Super. Ct. 1978) (explaining that courts may correct a default judgment to conform to the facts). Furthermore, appellant can still attempt to stay any future sheriff's sale of the property and, if that fails, may seek to set aside said sale. *Farmers*, 687 A.2d at 392; *id.* at 392 n. 3. (citing *First Eastern Bank v. Campstead*, 637 A.2d 1364 (1994). Thus, the at-issue order at issue is neither final, nor appealable as of right, nor collateral. The instant appeal is, therefore, procedurally improper and should be quashed.

Assuming, *arguendo*, that the instant appeal was permissible, it still remains that appellant's allegations regarding this court's putative errors are entirely without merit. This court will address each of these allegations in sequence:

A. Appellee May Seek Reassessment of Damages By The Court

Appellant is mistaken in his repeated assertions that this

---

2. Additionally, a motion to reassess damages does not fall within any of the exceptions to the general rule against interlocutory appeals. Pa. R.A.P. 311. Pa. R.A.P. 311 (a)(1) allows for interlocutory appeals of orders affecting judgments, but only applies to "[a]n order refusing to open, vacate or strike off a judgment." The instant order produces none of these three outcomes. Pa. R.A.P. 311 (a)(2) allows interlocutory appeals concerning attachments where an order affects "possession or control of property"; however, the order to reassess damages merely recalculates the amount of money necessary to satisfy the judgment, and does not address possession or control.

court granted the motion "without authority," and that the appellee provided "no authority for the procedure which the court followed." Appellant's 1925(b) statement at 1, 5-6. As a matter of well-settled law, Pennsylvania courts enjoy the "inherent power to correct a judgment of default to conform to the facts. *B. C. Y., Inc., Equip. Leasing Associates v. Bukovich*, 390 A.2d 276, 278 (Pa. Super. Ct. 1978) (citing *Wilson Laundry Co. v. Joos*, 189 A.2d 917 (Pa. Super. Ct. 1963); *Harr v. Furman*, 29 A.2d 527 (Pa. 1943); *Brummer v. Linker*, 196 A. 834 (Pa. 1938)). Moreover, the right to seek amendment of damages prior to satisfaction of judgment has been repeatedly affirmed by the Superior Court. In *Nationsbanc Mortgage Corp. v. Grillo*, the Superior Court unambiguously explained that a mortgagee "had every right to petition the court to amend the writ of execution to include additional interests and costs prior to appellant's good faith tender." 827 A.2d 489, 493 (Pa. Super. Ct. 2003). *See also Morgan*, 705 A.2d at 928 ("[Mortgagee] should have sought approval of the court to amend its judgment prior to the sheriff's sale."); *Union Nat. Bank of Pittsburgh v. Ciongoli*, 595 A.2d 179, 182 (Pa. Super. Ct. 1991) (explaining that a party who seeks to reassess damages should petition the court prior to satisfaction). This court, therefore, was well within its authority to grant a motion to reassess damages prior to satisfaction of a judgment in mortgage foreclosure.

## B. A Motion Does Not Require Verification

Appellant is also mistaken in his assertion that appellee needed to verify its motion to reassess damages. Pa. R.C.P. 206.3, the rule cite by appellant in support of his argument, provides that "[a] petition or an answer containing an allegation of fact which does not appear of record shall be verified." *Id.*; *see* appellant's 1925(b) statement, at 2.

However, a motion to reassess damages is neither a petition nor an answer, but rather a motion governed by Pa. R.C.P. 208.[3] *See also In re Jacobs*, 936 A.2d 1156, 1164 (Pa. Super. Ct. 2007) (describing Rule 208.1-4 as "the rules of civil procedure pertaining to motions practice").

This rule expressly provides that "[a] motion need not be verified unless verification is required by general rule governing the particular motion or by order of the court." Pa. R.C.P. 208.2(5)(b). As no such rule exists with respect to motions to reassess damages, and as this court did not require appellee to verify its motion to reassess damages, said motion did not need to be verified.

C. There Was No Material Factual Dispute Before This Court, And A Trial Was Not Required.

Appellant erroneously asserts that this case presented a factual dispute requiring resolution via a hearing or trial. *See* appellant's 1925(b) statement at 3; *Id.* at 3. The motion and answer, however, presented no disputed fact and this court deemed it unnecessary to allow for further development of the record. Appellant cites case law interpreting Pa. R.C.P. 209 to argue that a factual dispute arising in a motion must be resolved by a hearing or some other method of developing the record. While Pa. R.C.P. 209 did, at one point, define a court's options for resolving factual disputes arising from petitions,[4] it was stricken from the Pennsylvania Rules of Civil Procedure seventeen

---

3. While Pa. R.C.P. 206.1 gives individual counties the ability to designate, via local rule, additional filing types as falling under the rules governing petitions, Philadelphia County has not chosen to take this step regarding motions to reassess damages. *See* Phila. Civ. R. *206.1(a).

4. This court notes that rule 209 was made applicable to motions as well as petitions by local rule in Philadelphia County. *Cross v. 50th Ward Cmtv. Ambulance Co.*, 528 A.2d 1369, 1372 n. 6 (Pa. Super. Ct. 1987).

years ago. *Id.*; *see Ungate v. Passalacqua*, 613 A.2d 6, 9 (Pa. Super. Ct. 1992). Currently, Rule 208.4 governs the handling of factual disputes during the consideration of motions. *See* Pa. R.C.P 208.4(b)(1). Under this Rule, a court may provide some mechanism for developing the record where "a party seeks relief based on disputed facts for which a record must be developed," but it has broad discretion over whether to convene a hearing or employ some other method. *Id.*

While there is little appellate guidance regarding the application of Pa. R.C.P 208.4(b)(1), it is clear that a trial court has the ability to rule upon a motion without allowing for further development of a factual record. *Florig v. Estate of O'Hara*, 912 A.2d 318, 322 n.5 (Pa. Super. Ct. 2006). "It is the court's duty to draw conclusions of law from facts stated by a pleader or petitioner." *Cross v. 50th Ward Cmty. Ambulance Co.*, 528 A.2d 1369, 1372 n. 8 (Pa. Super. Ct. 1987) (citing Standard Pennsylvania Practice 2d §16:27 (1982)); however, a party's responsive averments, should they consist of mere legal conclusions, "do[] not give rise to a disputed issue of fact." *Id.* Therefore, a denial consisting solely of such conclusions fails to create a dispute requiring further development of the record.[5]

Appellant's denials in the instant matter amount to conclusions of law that fail to raise any true factual dispute. Here, the only factual issue under consideration was whether additional expenses had accrued after the entry of default judgment, but prior to satisfaction of that judgment. Appellee submitted the original mortgage, the

---

5. It must be noted that the *Cross* court was interpreting the now rescinded and more stringent Rule 209; however, this court found its discussion of factual disputes versus legal conclusions to be persuasive and applicable to the instant matter.

note, a calculation of additional interest consistent with the rate agreed in the mortgage, an accounting of legal fees identifying the dates specific services were provided, and a similarly itemized and dated breakdown of the cost of suit and title. Appellee's motion, at 1-4. Despite appellant's claim that he "expressly denied all the factual allegations in the plaintiffs motion," he offered only erroneous legal conclusions in response to appellee's factual allegations, rather than substantive challenges to the revised damages figures. Appellant's 1925(b) statement at 3; appellant's answer at 2.

For example appellant's answer to the motion denied that any sums were expended on his behalf and explains by setting forth the erroneous legal conclusion that damages may not be reassessed without a trial. Appellant's answer at 2-5. Similarly, appellant's denial regarding legal fees baldly states, "It is expressly denied that plaintiff has paid anything in legal fees." *Id.* at 5-6. Appellant provides no basis for this denial, despite the fact that the mortgage entitles appellee to recoup the costs of pursuing a judicial remedy upon default. *See* Appellee's motion, Ex. D; appellant's answer at 6. ("And it further denied [sic.] that there is any authority under which plaintiff would be entitled to collect such fees from defendant or from the sale of his home."). Simply put, this court declined to allow appellant to manufacture a factual dispute by disguising erroneous conclusions of law as factual denials.

Appellant further argues that a trial should have been conducted as to the issue of damages, alleging that the amount assessed "could not be determined from the verified complaint to be a sum certain." Appellant cites Pa. R.C.P. 1037(b)(1), which addresses how the prothonotary may calculate damages upon entry of a default judgment,

and requires a trial on the issue of damages when there is no sum certain, or when a sum certain cannot be calculated from the complaint. *Id.* On this point appellant simply cites an inapplicable rule. The default judgment was originally entered with damages assessed at $60,264.10 (as set forth in the appellee's complaint). Appellee's motion, Ex. A. The validity of that judgment, and the amount of damages initially assessed as a result, was not at issue here; therefore, this court had no reason to convene such a trial. In short, as appellant failed to create any genuine factual disputes, this court deemed it unnecessary to convene a hearing or allow for further development of the record.

D. The Parties To The Mortgage Intended Appellant's Obligation To Survive Until Satisfaction Of The Judgment

Finally, appellant argues that appellee's motion to reassess damages ignored the existing judgment by using the mortgage as a basis from which to calculate new damages. Appellant's answer at 5, 12. Appellant relies principally on *In re Stendardo*, for the proposition that a judgment extinguishes the obligation of a mortgage under the merger of judgments doctrine. 991 F.2d 1089, 1095 (3d Cir. 1993).[6] The *Stendardo* Court explained that, unless a mortgage agreement evinces the intent to have a given contractual provision survive judgment, said judgment becomes the sole basis for ascertaining damages. *Stendardo*, 991 F.2d at 1095. *Stendardo* provided

---

6. *Stendardo* was decided by the third circuit court of appeals, and involved the interpretation of Pennsylvania law on the merger of judgments doctrine. 991 F.2d at 1094. As such it constitutes persuasive authority, rather that binding precedent. *See Com. v. Giffin*, 595 A.2d 101, 107 (Pa. Super. Ct. 1991) ("Pennsylvania courts are not bound by the decisions of inferior federal courts where the case specifically concerns Pennsylvania law."). Nevertheless, *Stendardo* itself provides the exception to the merger of judgments doctrine that disposes of this issue. *Stendardo*, 991 F.2d at 1095.

the following as an example of contractual language that would allow for the post-judgment recoupment of interest, costs of suit, and attorney's fees:

> In case [of] default...foreclosure proceedings may be brought...on this mortgage and prosecuted to judgment, execution and sale for the collection of the same, together with costs of suit and an attorney's commission for collection of the total indebtedness.

*Stendardo*, 991 F.2d at 1096 (citing *In re Clark Grind & Polish, Inc.*, 137 B.R. 172, 174 (Bankr. W.D. Pa. 1992). Here, paragraph 18 of appellant's mortgage contains a substantially similar provision:

> 18. Foreclosure Procedure. If lender requires immediate payment in full under paragraph 9 [acceleration clause], lender may foreclose this security instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorney's fees and cost of title evidence.

Appellee's motion, Ex. D. Under this language, appellee is able to recoup costs, fees, and other expenses stemming from appellant's default and the resulting foreclosure action. Moreover, ¶23 of the mortgage provides that the interest rate after judgment shall be at the rate entered on the note. Appellee's motion, Ex. D. This instrument, therefore, demonstrates that appellant had the requisite authority to obtain the post-judgment, pre-satisfaction reassessment of damages.

In short, this appeal is not only procedurally improper, but, moreover, is entirely without a shred of substantive merit.

### III. CONCLUSION

For the aforementioned reasons, this court respectfully requests that the instant appeal be quashed.

## DETAILED AND ITEMIZED STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

Defendant Robert D. Biddle, by his attorney, files the following "detailed and itemized statement of errors complained of on appeal" in accordance with the order of the court dated September 26, 2013, and entered on the docket within the meaning of Pa. R. App. P. 108(b) and Pa. R. Civ. P. 236(b), on September 30, 2013.

1. The court, without a hearing; without evidence and without authority, granted plaintiff's unverified motion to increase its judgment in mortgage foreclosure by about $18,000.00, or by about 30% of the original judgment. The court entered its order over the verified response of defendant in which he denied all the factual allegations contained in the motion and further asserted that the court lacked authority to do what plaintiff requested in the motion. In entering the order from which Mr. Biddle has appealed, the court committed the errors set forth below:

2. Despite defendant's express request that it do so, the court erred by failing to dismiss the motion because it was unverified. Pa. R. C.P. 206.3 requires every petition and answer containing an allegation of fact not of record to be verified. Because the motion was unverified, the factual allegations in the motion, none of which were of record, had to be treated as a nullity — incapable of supporting the relief plaintiff requested in the motion and incapable of supporting any relief. *Warren v Williams*, 370 Pa. at 382 (Pa. 1952) (allegation in petition given no effect when

petition improperly verified by counsel); *Hutchinson v. Woodwell*, 107 Pa. 509, 518-519 (1885) (a complaint not verified by a party does not need to be answered and cannot support a judgment). *See Rupel v Bluestein*, 280 Pa. Super. 65, 75-77, 421 A. 2d 406, 411-412 (Pa. Super. 1980) (improperly verified complaint could not support an injunction); *Signora v Kaplan*, 33 Pa. D. & C. 4th 219, 222-224 (CCP Del Cty 1996) (court struck off petition to open and treated petition and attached answer as nullities because of absence of verification by a party), *aff'd Signora v Liberty Travel*, 718 A. 2d 355 (Pa. Super. 1998); *Santilli v. Church*, 33 D. & C. 2d 309(C.C.P. Chester Cty. 1964) (default judgment struck off where verification to complaint though signed by the plaintiff lacked notary's seal); *Avco v. Witherite*, 12 Centre Co. 99 (1975) (same conclusion under similar facts); *Cf. Houck Et Ux. v. Carnavail, et al*, 80 Montgomery 83 (1962) (failure to verify a pleading resulted in the pleading being stricken); *Temont Township School District v. Western Anthracite Coal Co.* 75 D. & C. 225 (1950); *Philadelphia School of Beauty Culture v Haas*, 78 D.C. 97, 104 (C.P. Dauphin, 1949); *H.I.S. Sportswear v. Cohen*, 62 D. & C. 2d 559 (C.P. Del. 1973) (unexplained verification by officer of a related corporation not sufficient); *Goodrich AnRam* §1024(c)-1.

3. Defendant expressly denied all the factual allegations in plaintiff's motion with a verified response. In such a case, if the motion is treated as a motion and not as a petition, the allegations in the plaintiff's motion cannot be accepted as true and the court is required to issue an order providing for a mechanism to be used to resolve the factual disputes and to develop a record. Pa. R. C. P. 208.4 (b) (l)and 2 and Pa. R. C. P. 206.7. Defendant in his response to the motion

expressly stated that a judgment could not be increased, in the face of disputed facts, without evidence and without a trial at least as to damages. If the court did not err by not dismissing the motion outright, because it was not verified, the court erred in the instant case by deciding the motion without developing a record that would support the court's resolution of the motion, in the face of the disputed issues of fact raised by defendant's verified answer. *Ungate v. Passalacqua*, 418 Pa. Super. 12, 19 (Pa. Super. 1992) (Trial court had no basis for preferring one parties version of the facts to the other party's in absence of a record. Trial court acted prematurely.)

4. Plaintiff's initial complaint, upon which it obtained a default judgment, was verified. *See* Pa. R. C. P. 1024. Pa. R. C.P. 1037(b) (1) permits the prothonotary to assess damages, on a default judgment, "for the amount which the plaintiff is entitled if a sum certain [from the face of the verified complaint] or which can be made certain by computation, *but if it is not, the damages shall be assessed at a trail at which the issues shall be limited to the amount of damages*" (emphasis added). In the instant matter the court erred by determining the damages, without a trial, in an amount that could not be determined from the verified complaint to be a sum certain and that could not be made a sum certain by calculation based on the allegations in the verified complaint.

5. Once a default judgment is entered the underlying mortgage merges with the judgment and is extinguished. 25 P.L.E. §243., n. 23; *In re Stendardo*, 991 F.2d 1089, 1095 (3rd Cir. 1993); *Lance v. Mann*, 60 A2d. 35, 36 (Pa. 1948); *In Re Coleman*, 82 Bankr. 15, 17 (Bankr. D.N.J. 1988); *In Re McKillips*, 81 Bankr. 454 (Bankr. N.D. III. 1987); *See also In Re Herbert*, 86 Bankr. 433, 436-437 (Bankr. E.D.

Pa. 1988); *In Re Smith*, 92 Bankr. 127, 129-131 (Bankr. E. D. Pa. 1988). Unless it is vacated or opened, the judgment, and not the mortgage, determines defendant's obligation to plaintiff. *In Re Stendardo*, 991 F.2d at 1095-1096, 1102.; See, 25 P.L.E. ¶244; *Ball v. Rolling Hill Hospital*, 518 A.2d 1238, 1246 (Pa. Super. 1986) (post judgment interest established by statute). Defendant has no liability, post judgment, to plaintiff for obligations under the mortgage, which are not part of the judgment and which do not survive the judgment. *Id.* In the instant case after the judgment, plaintiff is entitled to receive from the sale of defendant's property, only the judgment, plus interest on the judgment at the legal rate or at some other amount if provided in the judgment, less payments made on account of the judgment, plus record court costs which may be added administratively in accordance with Pa. R. C. P. 3256, 3257, 3180, 3181(a) (1) and (11) 3138 and 3103 to the judgment. The court erred in the instant case, as a matter of law, by ignoring the judgment that was entered in the instant case on September 19, 2012. The court erred by awarding plaintiff additional attorneys fees, inspection fees, reimbursement for taxes, insurance payments and other assessments and charges, which plaintiff's attorney alleges in the unverified motion plaintiff paid, when plaintiff has no right under its September 19, 2012 to any of these amounts. *In re Stendardo*, 991 F.2d 1089, 1095 (3rd Cir. 1993); *Lance v. Mann*, 60 A2d. 35, 36 (Pa. 1948).

6. Plaintiff provided no authority for the procedure which the court to followed. Plaintiff pointed the court to no appellate court case and no rule that allows a plaintiff to replace a judgment it feels is too small with one that is bigger, while retaining the benefit of the judgment, simply because plaintiff would like the judgment to be

bigger because it thinks it is owed more money. This is particularly the case where the plaintiff can point to no irregularity in the process that resulted in the original judgment. The court erred in the instant case, as a matter of substantive law, by entering an order which effectively vacated the earlier judgment and replaced it with a new one without any authority for its doing so. While there are cases giving the court broad discretion in controlling the enforcement of its judgment, the is no authority giving it broad discretion to alter the amount of the judgment, absent a reason to provide a party with a new trial in accordance with Pa. R. C.P. 227.1. To the extent the court relied upon its discretion regarding the enforcement of judgments to increase the judgment, the court erred in the instant case by abusing that discretion.