J-A31004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL A. BERGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| COMCAST CORPORATION | : | No. 73 EDA 2017 |

Appeal from the Order Entered December 8, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  April Term, 2016 No. 01854

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

DISSENTING MEMORANDUM BY STEVENS, P.J.E.: **FILED  SEPTEMBER  04, 2018**

Although the Majority finds Berger's petition to open the judgment of *non pros* satisfied the requirements set forth in Pa.R.C.P. 237.3 because it was filed within ten days of the entry of judgment, the Majority does not address the trial court's specific basis for denying Berger's petition: Berger's refusal to attach a complaint to his petition.

As Berger failed to comply with the requirement in Rule 237.3 stating that a plaintiff must attach a copy of his complaint to the petition to open the judgment of *non pros*, the trial court's order should be affirmed.  Therefore, I respectfully dissent.

We review a trial court's decision to deny a petition to open a judgment of *non pros* pursuant to an abuse of discretion standard.  ***Bartolomeo v. Marshall***, 69 A.3d 610, 614 (Pa.Super. 2013).  Our Supreme Court has set

_____

* Former Justice specially assigned to the Superior Court.

forth the following law relevant to requests seeking relief from a judgment of

*non pros*:

> [T]here are two different standards governing relief from a judgment of *non pros,* the application of which is dependent upon the circumstance under which the judgment was entered. ***See****, **e.g.****, **Cohen v. Mirin**,* 729 A.2d 1236, 1238 (Pa.Super. 1999). In this regard, Rule 3051 affords relief from such a judgment where the moving party has timely filed a petition to open, has supplied a reasonable explanation for the inactivity, and there is a meritorious cause of action. ***See*** Pa.R.C.P. No. 3051(b)(1-3). ***This provision, however, does not apply when a judgment of non pros is entered because of a party's failure to file a complaint; rather, that circumstance is covered by Rules 237.1 and 237.3.*** ***See Cohen****,* 729 A.2d at 1238. ***See generally*** Pa.R.C.P. No. 3051 Note (referring to Rule 237.3 for relief where a party has failed to file a complaint pursuant to Rule 1037(a)); Pa.R.C.P. No. 132 (prescribing as a rule of construction that the particular controls over the general).

***Simmons v. Luallen***, 563 Pa. 589, 592–93, 763 A.2d 810, 812 (2000)

(emphasis added).

In this case, the lower court entered a judgment of *non pros* on the

basis of Berger's failure to file a complaint pursuant to Pa.R.C.P. 1037(a). As

a result, the applicable standard for opening the judgment is found in

Pa.R.C.P. 237.3, which provides as follows:

> (a) A petition for relief from a judgment of *non pros* or of default entered pursuant to Rule 237.1 shall have attached thereto a copy of the complaint, preliminary objections, or answer which the petitioner seeks leave to file.
>
> (b)(1) If the petition is filed within ten days after the entry of a judgment of *non pros* on the docket, the court shall open the judgment if the proposed complaint states a meritorious cause of action.

(2) If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.

Pa.R.C.P. 237.3.

Rule 237.3(a) sets forth a clear requirement that a party seeking relief from a judgment of *non pros* entered on the basis of the plaintiff's failure to file a complaint must submit a copy of the complaint that the petitioner seeks to file along with his petition to open.

In support of its decision to find that the trial court abused its discretion in refusing to open the judgment of *non pros*, the Majority cites to a Superior Court case involving factual circumstances where the plaintiff did not file a petition to open the judgment *non pros* within ten days of the judgment and thus, was not entitled to the streamlined analysis set forth in Rule 237.3(b). ***See Horwath v. Digrazio***, 142 A.3d 877 (Pa.Super. 2016). However, the Majority does not address why Berger is excused from the requirement under Rule 237.3(a) that a party "***shall have attached thereto a copy of the complaint***, preliminary objections, or answer which the petitioner seeks leave to file." Pa.R.C.P. 237.3(a) (emphasis added)

Berger did not comply with the procedural requirements in Rule 237.3(a) in refusing to include a complaint with his petition to open the judgment of *non pros* and instead demanding additional pre-complaint discovery. Berger should not be rewarded for his failure to follow the Rules of Civil Procedure. Under these set of facts, the trial court did not abuse its discretion in denying Berger's petition to open the judgment of *non pros*.

For this reason, I dissent.